STATE v. CLEVELAND ROGERS.

(Filed 21 October, 1914.)

1. **Indictment—Criminal Law—Unlawful Burning—Ginhouse—Interpretation of Statutes.**

An indictment for "willfully and feloniously setting fire to a certain ginhouse, the property of W. B. H., with intent to burn and destroy the same," is sufficient for conviction of the offense charged under Revisal, secs. 3336, 3341, the word "ginhouse" meaning the same as "cotton gin"; and where the punishment inflicted was within the limits prescribed by either section, it becomes immaterial under which section the conviction was had.

2. **Same—Evidence—"Charring."**

Where the defendant has been tried and convicted under an indictment charging that he willfully and feloniously set fire to a certain "ginhouse," etc., it is held that the evidence of "charring" is sufficient proof of "burning" to sustain the sentence; and it is further held that the motion in arrest of judgment was properly denied under the circumstances, the objection relating to informalities and refinement, and the defendant having been fully informed of the charge against him. Revisal, secs. 3254, 3255.

3. **Witnesses—Maps—Evidence—"Approximately Correct."**

A witness is permitted to make a map, while on the stand, and explain his testimony therefrom, though he testifies that the map was "approximately correct."

4. **Criminal Law—Unlawful Burning—Questions—Identification—Appeal and Error.**

Upon a trial for setting fire to a certain ginhouse, etc., a witness testified that he knew the prisoner well, and saw the defendant running away from the ginhouse, which was ablaze, and recognized him in the light of the fire. The defendant objected to a question of the solicitor, asking if the witness had any doubt that the prisoner was the man whom he saw, the question with the answer held to be no error.

**5. Appeal and Error—Objections and Exceptions—Immaterial Evidence.**

Exceptions to the admissibility of evidence should be specific, nor will they be regarded on appeal when the evidence excepted to is merely irrelevant, but not prejudicial.

**6. Trials—Evidence—Corroboration.**

Where a witness has testified to certain material matters, it is competent for another witness to testify what the former witness had said to him, it being corroborative of the witness who has testified.

**7. Trials—Speeches to Jury—Improper Argument—Appeal and Error.**

Upon his argument to the jury the counsel for the defendant, being tried for unlawfully setting fire to a ginhouse, told of his having gone on the prosecutor's premises, and of his own knowledge, of facts and circumstances relating to the locality, which had not been testified to, and were at variance with the testimony of one of the State's witnesses. The prisoner's counsel excepted to certain language used by the solicitor in reply, and under the circumstances of this case it is held that the prisoner's counsel cannot be heard to complain; and the Supreme Court reminds counsel that from respect for the occasion they should abstain from controversies of this character; and the courts, that they should prohibit them.

**8. Courts—Expression of Opinion—Speeches to Jury—Interpretation of Statutes—Appeal and Error.**

In this case it is held that the remarks of the trial judge made with reference to the argument of defendant's counsel in his address to the jury were not an intimation of opinion upon the facts, and not held for error. Revisal, sec. 535.

APPEAL by defendant from *Cooke, J.,* March Term, 1914, of WAKE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*B. C. Beckwith for defendant.*

CLARK, C. J. The defendant was convicted on an indictment for "willfully and feloniously setting fire to a certain ginhouse, the property of W. B. Hopkins, with intent to burn and destroy the same." *S. v. Purdie,* 67 N. C., 25; *S. v. Pierce,* 123 N. C., 745. The indictment was sufficient both under Revisal, 3336 and 3341, and it was immaterial under which, as the punishment inflicted was within the limits prescribed for either. Revisal, 3336, covers a willful attempt to burn a "cotton gin," which from the context evidently means the same thing as a "ginhouse." Revisal, 3341, makes punishable the willful burning of any "ginhouse." Here the ginhouse was set fire to, but not consumed. The form here used was held sufficient in *S. v. Green,* 92 N. C., 779, and is substantially the same as that used in the other two cases above cited.

The tendency formerly prevailing in criminal proceedings was checked by the statutes, now Revisal, 3254 and 3255, which prohibit such pro-

ceedings to be "quashed 'or judgment reversed by reason of any informality or refinement, if they express the charge in a plain, intelligible, and explicit manner." The whole course of this trial shows that the defendant was fully informed of the charge against him and for what he was being tried. He was at no disadvantage on that ground, and there is no other object in the indictment. The motion in arrest of judgment was properly denied. The "charring" was sufficient proof of a "burning," even in a charge for arson. *S. v. Hall,* 93 N. C., 573.

The witness Hopkins was permitted to use a map "for the purpose of explaining the testimony of the witness." This was competent, and is very often resorted to, both in civil and criminal procedure. *Arrowood v. R. R.,* 126 N. C., 629 ; *Tankard v. R. R.,* 117 N. C., 558; *Riddle v. Germanton, ib.,* 389, and cases there cited; *S. v. Wilcox,* (murder) 132 N. C., 1135, and *S. v. Harrison,* 145 N. C., 411 (for kidnapping). Both these latter cases were thoroughly contested, but the Court affirmed its previous ruling on this point in *S. v. Whiteacre,* 98 N. C., 753, and *Dobson v. Whisenhant,* 101 N. C., 645. It is true the witness said the map was "approximately correct." It could hardly have been otherwise, being made at the time and merely to illustrate his evidence. This did not render the map incompetent as a part of his testimony, for the defendant doubtless made the most of it by arguing that therefore his whole testimony was only approximately correct. But that was a matter for the jury.

The witness stated that on discovery of the fire, which was blazing up 2 feet or more, he ran to the ginhouse and saw the defendant running away, "whom he distinctly recognized, aided by the light from the fire; that he was well acquainted with defendant, having known him ever since he was a little boy." The solicitor then asked: "Have you any doubt as to the defendant being the man?" The objection made was overruled, and the witness answered, "No." The testimony was competent. *S. v. Lytle,* 117 N. C., 803. Nor can we sustain exception 3, which pointed to no particular part of the testimony. Exceptions to evidence must be specific. *S. v. English,* 164 N. C., 508. At most, the evidence was merely irrelevant, and hence possibly a needless consumption of the time of the court, but it was not legally prejudicial to the defendant.

The evidence in regard to the defendant being refused credit at the store of the owner of the ginhouse, and the defendant's remarks about it, was competent as tending to show motive, taken in connection with other evidence offered for the same purpose. The testimony of King that Hopkins told him on the night of the fire that the defendant had fired his ginhouse was competent as corroborative evidence. *S. v. Maultsby,* 130 N. C., 664; *S. v. Rowe,* 98 N. C., 629 ; *S. v. Parrish,* 79 N. C., 610.

The defendant excepted to the solicitor's argument containing strictures upon defendant's counsel, because calculated to prejudice the jury against the defendant. The judge states in the case on appeal that "defendant's counsel in his argument referred to what he knew personally in regard to the location and surroundings, without having given it in evidence, and had criticised the testimony of the prosecutor because at variance with the result of his own untestified knowledge of the location. That thereupon the solicitor gave the counsel 'notice that if he persisted in that line of argument, he (the solicitor) would reply to it.' But counsel for defendant continued to refer to what he knew personally of the location and surroundings, and criticised the conduct of the prosecuting witness (Hopkins), contending that he was offended because he (the counsel) had gone on his premises to make an inspection." The solicitor, in reply, contended that the conduct of the counsel in riding over the prosecutor's premises in a buggy "with a negro, inspecting them without the consent of the owner and driving away in disregard of the owner when he had attempted to stop him for the purpose of ascertaining their business, was calculated to irritate." There was more on both sides of this kind of argument (if it can be so styled). It was improper in defendant's counsel to use his personal knowledge of the locality without its being given in testimony. This case differs from *S. v. Lee,* 166 N. C., 250, where counsel was merely drawing inferences from the testimony.

From the facts as stated by his Honor, it seems that the defendant's counsel made the first transgression. He ought to have been restricted to the evidence given in to the jury. We do not feel called upon to pass upon the query as to which side offended the most against the orderly proceedings of the court and that dignity and seemliness which should always surround a trial in a court of justice. If the defendant did not profit by this unseemly debate we cannot see that he can complain when it was caused by his own counsel. We cannot see that he was in any way prejudiced by it, for the jury were doubtless intelligent enough to understand that they were to try the cause upon the evidence as deposed to by the witnesses and upon the law as laid down by the court. Such controversies should be barred not only by the judge, but by the respect of the counsel on both sides for the occasion. This was, as is usual, merely what *Chief Justice Pearson* styled "cross-firing with small shot." There is no evidence in the record that the defendant's counsel received worse than he dealt, nor that his client was prejudiced in any way.

The last exception is that the court in its charge said: "Now, I grant you it might have been better (and I am not criticising him) if the defendant's attorney had gone to the man's house and represented to him that he was there for the purpose of making measurements or preparing the case for trial." This was not an intimation of any "opinion whether

a fact is fully or sufficiently proven," which is forbidden by chapter 452, Laws 1796, now Revisal, 535. It has been often held that the "facts" referred to are those in dispute on which the liability of defendant depends. *S. v. Angel,* 29 N. C., 27; *S. v. Jacobs,* 106 N. C., 696, and cases there cited.

We find nothing in the transcript which convinces us that the defendant was in any wise prejudiced by the rulings excepted to.

No error.