## STATE v. YORK T. WHITE ET AL.

(Filed 8 March, 1916.)

1. Evidence—Maps—Trials.

A map may be used by a witness for the purpose of explaining his evidence, and upon a criminal trial for a willful burning of witness's stable and barn, it is held competent for the witness to use a map for the purpose of showing the relative position of his house and outbuildings and the home of the defendants, when relevant to the inquiry.

50—171

**2. Criminal Law—Fires—Defenses—Instructions—Appeal and Error.**

> Upon trial for the willful, etc., burning of a barn, etc., defended upon the sole ground that the defendant was elsewhere at the time, and presenting this as the only question, a charge of the court was not erroneous which instructed the jury to convict the defendant should they find he was guilty of burning the barn. *S. v. Millican*, 158 N. C., 617, cited and applied.

INDICTMENT, tried before *Lyon, J.,* and a jury, at Fall Term, 1915, of BERTIE.

The defendants were indicted for willfully, wantonly, and feloniously setting fire to and burning the stables and barn of one J. R. Lawrence.

They were convicted, and appealed from the judgment pronounced upon the verdict.

J. R. Lawrence was introduced as a witness for the State, and upon his examination was handed a map of his plantation and premises where the crime was alleged to have been committed, showing the relative position of the witness's house and outbuildings and of the homes of the defendants, and he was examined with reference to these places. The defendants objected. The court stated to the jury that the map was not introduced as substantive evidence, but merely for the purpose of enabling the witness to explain his testimony.

His Honor, in the first part of the charge, stated that the defendants were indicted for wantonly and feloniously burning the barn and stables of J. R. Lawrence, and after stating fully the contentions of the State and the defendants, he concluded his charge by saying: "You are the sole triers of the facts, and you are to find the facts from the evidence, and if you find that the defendants are guilty of burning the barn it will be your duty to convict them." The defendants excepted.

The evidence is not sent up as a part of the record, but the charge of the court shows that the defendants denied burning the barn and stables, and that they relied upon an alibi.

*Attorney-General Bickett and Assistant Attorney-General Calvert, Winston & Matthews, and Gilliam & Davenport for the State.*

*W. R. Johnson, J. B. Martin and Winborne & Winborne for defendants.*

ALLEN, J. It has been held by numerous decisions that it is competent for a witness to use a map upon the trial for the purpose of explaining his evidence, and the first exception of the defendants cannot be sustained. *S. v. Harrison,* 145 N. C., 410; *S. v. Rogers,* 168 N. C., 112, and the cases cited.

The exception to the charge is equally without merit.

The evidence is not made a part of the case on appeal, but it sufficiently appears from the charge of the court that the matter in dispute

before the jury was whether the defendants did the burning, and not whether they burned the barn without the illegal intent.

The defendants did not contend that they accidentally set fire to the building, but they insisted that they were not there and had nothing to do with it, and the case, therefore, falls directly within the ruling in *S. v. Millican,* 158 N. C., 617.

There is

No error.