STATE v. ALVIN VICK.

(Filed 23 March, 1938.)

1. **Burglary § 5—**

The offense of possessing implements of housebreaking without lawful excuse, C. S., 4236, does not require the proof of any "intent" or "unlawful use."

2. **Burglary § 5: Criminal Law § 28b—Courts will take judicial notice of whatever is, or ought to be, generally known in the jurisdiction.**

The courts will take judicial notice that nitroglycerin, soap, eye-dropper, dynamite caps, dynamite fuse, pistol cartridges, a double-barrel shotgun, a single-barrel shotgun, a sawed-off shotgun, a pair of bolt clippers, a sledge hammer, and a cold chisel, are, in combination, implements of housebreaking, and come within the term "other implement of housebreaking" used in the statute, C. S., 4236.

**3. Burglary § 10—Where implements are implements of housebreaking within judicial knowledge, court need not define the term.**

In this prosecution for possession of implements of housebreaking, defendant relied solely upon an alibi. The implements found by the officers were such that the court properly took judicial notice that they were implements of housebreaking, and there was no evidence of lawful excuse in the possession of the implements. *Held:* An instruction that if the jury found beyond a reasonable doubt that defendant was in possession of such tools without lawful excuse, they should return a verdict of guilty, is sufficient, C. S., 564, and will not be held for error upon defendant's contention that it failed to properly define the offense charged and the elements thereof.

APPEAL by defendant from *Williams, J.,* at August Term, 1937, of NASH. No error.

This is a criminal action in which it is charged that the defendant did unlawfully, willfully and feloniously, without lawful excuse, have in his possession certain pick-locks, keys, bits, hammers, crowbars, nitro-glycerin, dynamite caps, fuses, drills, soap, shotguns, rifles, axes, and other implements for housebreaking, contrary to the form of the statute.

About 4 o'clock a. m. on a morning in May, 1935, officers of Nash County were searching for one Alfred Denton, an escaped convict. They went to the home of one Bottoms at Gold Valley and waited. They saw an automobile approach Bottoms' home and drove out to meet it with their lights off. When the officers got within 150 or 200 yards of the approaching automobile they turned their lights on. Denton was driving the approaching car and attempted to turn around. In doing so he cut the wheels in a ditch and the car was unable to move. The officers recognized this defendant in the car with Denton. As the officers approached the car Denton opened fire with a pistol. The defendant picked up a rifle and shot at them from the rear seat. He then picked up a shotgun and shot at them twice. The officers returned the fire. Whereupon Denton and Vick got out of their car and escaped, using their car as a shield.

Upon searching the car abandoned by Denton and Vick the officers found an ink bottle full of nitroglycerin, soap, eye-dropper, nine dyna-mite caps, dynamite fuse, pistol cartridges, a double-barrel shotgun, a single-barrel shotgun and a sawed-off shotgun, a pair of bolt clippers, a sledge hammer, cold chisel, and pistol cartridges.

Denton was apprehended within a few days and returned to the State's Prison. The officers did not know this defendant and did not see him again until July, 1937, when they recognized him in the court-house in Nashville. The defendant was thereupon arrested, indicted, and put upon trial. The defendant set up the defense of an alibi and testified that he left Nash County in January, 1935, and did not return

to the county until February, 1936; that at the time the officers related
they saw Denton, he, the defendant, was registered at the Y. M. C. A.
in Fayetteville under an assumed name.

There was a verdict of guilty, and from judgment pronounced thereon
the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan
for the State.*
*A. O. Dickens and Connor & Connor for defendant, appellant.*

BARNHILL, J. There are no exceptions to the evidence. The defend-
ant relies primarily upon an alleged error in the charge of the court
below and the failure of the trial judge to properly define the offense
charged and the elements thereof.

While the statute under which the defendant stands indicted creates
three separate offenses this defendant was indicted for the violation of
only one, to wit: The possession of implements of housebreaking with-
out lawful excuse. In the court below the defendant made no conten-
tion that the tools found in the possession of Denton and the other occu-
pant of the car were not implements of housebreaking. His defense
was bottomed entirely upon an alibi. He chose this theory upon which
to test his guilt or innocence before the jury. It is doubtful whether
he can now challenge the sufficiency of the evidence to establish the
offense charged, or contest the sufficiency of the charge of the court in
that respect. Speaking to the subject in *S. v. Church,* 192 N. C., 658,
*Adams, J.,* says: "The defendant excepted to the charge on the ground
that the judge failed to state in a plain and correct manner the evidence
in the case, and to declare and explain the law arising thereon. C. S.,
564. It is insisted that no definition of larceny or of burglarious break-
ing was given the jury, and that the essential elements of the crimes
were not explained. We have had occasion to say that a statement of
the contentions of the parties, together with a simple enunciation of a
legal principle is not a legal compliance with the statute. *Watson v.
Tanning Co.,* 190 N. C., 840. If the charge, otherwise clear, is subject
to this criticism the inadvertence was no doubt due to the fact that the
defense was an alibi and the alleged impossibility of the defendant's
guilt.

"The principal question had reference to the defendant's participa-
tion in the crimes rather than to their essential elements; but as to the
counts on which the defendant was convicted the constituent elements
were at least inferentially given in the beginning of the charge." *S. v.
White,* 171 N. C., 785.

The portion of the charge to which the defendant takes exception is as follows: "This is purely a question of fact for you under your oath according to the evidence, applying the law as laid down for you. If you find from the evidence, beyond a reasonable doubt, that the defendant was an occupant of the automobile, in possession of the tools there that night without any lawful excuse, it would be your duty to return a verdict of guilty. If you have a reasonable doubt you will acquit him." The particular section of the statute under which the defendant was being tried does not require the proof of any "intent" or "unlawful use." The gravamen of the offense is the possession of burglar's tools without lawful excuse. Without regard to other portions of the charge which would tend to explain what are burglar's tools, this charge is without error if the tools found in the possession of the defendant were in fact implements of housebreaking. No lawful excuse for their possession appears from the evidence, and the defendant undertook to show none. Even if it be conceded that the burden was on the State to show that the possession was without lawful excuse, the conduct of those in the car and the circumstances under which they were in possession of the tools leave only one reasonable conclusion to be drawn from the evidence and that is that their possession of the tools was without lawful excuse.

The particular tools enumerated in the pertinent statute are: "Any pick-lock, key, bit, or other implement of housebreaking." No pick-lock, key, or bit was found. If the tools found in the possession of the defendant are embraced within the general term, "other implement of housebreaking," their possession without lawful excuse is prohibited by the statute. The bill of indictment listed in detail the articles found, so the defendant was not taken unaware.

There are many facts of which the court may take judicial notice, and they should take notice of whatever is, or ought to be, generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. 15 R. C. L., 1057. It is not unusual for the court to take judicial notice that certain weapons not specifically described in the statute are deadly weapons. They likewise take notice of other like generally known facts. While each of the articles found in the possession of the defendant has its legitimate use, it cannot be said that taken in combination these articles are tools of any legitimate trade or calling. There is no legitimate purpose for which this defendant and his companion could have the combination of articles found in their possession. On the other hand, taken in combination, they are the instruments and tools usually possessed and used by housebreakers. Section 4237-A expressly recognizes nitroglycerin, dynamite, gunpowder, and other explosives as in-

struments of housebreaking. It is well known that soap and eye-droppers are instruments used by those who seek to make unlawful entry into safes and vaults through the instrumentality of nitroglycerin. Likewise, dynamite fuse and dynamite caps constitute a part and parcel of the equipment of those engaged in such enterprises, just as are bolt clippers, sledge hammers, and cold chisels a part of their equipment. Such persons also frequently go armed. What excuse in connection with a legitimate enterprise could the defendants offer for being armed with a rifle, a pistol, a double-barrel shotgun, a single-barrel shotgun, and a sawed-off shotgun loaded with buck shot? It would seem to us that we would have to appear to be willfully ignorant to fail to take notice of the fact that these articles and implements found in the possession of the defendant are tools of housebreaking. If they are, then there was no error in the charge. The court assumed, as it had a right to assume, and it took notice of the fact, that the articles found were implements of housebreaking. There was no evidence of any lawful excuse for the possession of such implements and the court was, therefore, fully justified in instructing the jury that if they found in fact the defendant was in possession of these implements without lawful excuse they should return a verdict of guilty.

The following implements in combination are held to be implements of housebreaking: Nitroglycerin fuse and a detonating cap. *S. v. Boliski,* 145 N. W. 368, 50 L. R. A., N. S. 825. One sectional jimmy, one small jimmy, two pairs of handcuffs, steel drills, one spatula, one push screw, drills, divers and sundry steel wedges, one extension bit, one bit lock, one bellows, tin spouts, one piece of rubber hose, pieces of fuse, powder, and two dark lanterns. *Com. v. Day,* 138 Mass., 186. A rubber bag of nitroglycerin, fuses, and revolvers. *Com. v. Conlin,* 188 Mass., 282. Drills, caps, jimmys, and dynamite. *People v. Reilly,* 63 N. Y. Supp., 18; affirmed in 164 N. Y., 600. In *S. v. Boliski, supra,* it is said: "It is considered that the bottle of nitroglycerin with the fuse and detonating cap clearly answer to the calls of the statute for a "tool, machine, or implement" adapted to the particular use mentioned therein, designed to that end, and intended to be used therefor."

We are of the opinion that the implements found in the possession of this defendant, when considered in combination, clearly come within the calls of C. S., 4236.

We can find no sufficient cause for disturbing the verdict and judgment below.

No error.