## STATE OF NORTH CAROLINA v. TOMMY FARRELL DAVIS

### No. 7319SC815

### (Filed 19 December 1973)

1. **Automobiles § 125; Indictment and Warrant § 17— crime scene — driving after license revoked — no variance in allegation and proof**

   In a prosecution for drunken driving, operating a vehicle 80 mph in a 60 mph zone, and operating a vehicle without a license there was no fatal variance between the allegations and the proof where the warrant charged that the offenses occurred in Randolph County and the evidence indicated that they took place within a mile of the town of Asheboro, since the court could take notice that the scene of the crime was in Randolph County; nor was there a fatal variance where the warrant charged defendant with driving without a chauffeur's license rather than an operator's license, since a chauffeur's license is only a form of an operator's license, defendant was fully aware that his privilege to operate a motor vehicle had been revoked and so stipulated.

2. **Criminal Law § 117— charge on treatment of defendant's testimony — no error**

   The trial court's instruction that the jury might take into account defendant's interest in the outcome of the case in determining whether to believe his testimony in whole or in part and that such evidence of the defendant as they believed should be treated the same as any other believable evidence was proper.

APPEAL by defendant from *Seay, Judge,* 4 June 1973 Session, RANDOLPH County Superior Court.

The defendant was tried under two separate warrants. In the first warrant the defendant was charged with operating a motor vehicle on a public highway without a license. The second warrant under which the defendant was tried contained two counts. The first charged the defendant with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. The second count charged the defendant with operating a motor vehicle on a public highway at a speed of 80 miles per hour in a 60 mile-per-hour zone. In the district court the defendant was found guilty; and from a sentence of 90 days imprisonment, he appealed to the superior court. In the superior court he was found guilty of all three charges and was sentenced to a term of six months with a recommendation of work release. It was from this sentence that the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, P.A., by P. Wayne Robbins for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the State was to the effect that on 3 September 1972, in the early morning hours, State Highway Patrolman McAllister observed a 1967 blue Chevrolet automobile traveling west on U. S. Highway No. 64. The patrol car got behind the Chevrolet and by means of the blue light flashing on top of the patrol car caused the 1967 Chevrolet to pull to the north shoulder of U. S. Highway No. 64 and come to a stop. As the patrolman stopped the patrol car, he was at an angle to the Chevrolet so that he could see through the window into the Chevrolet automobile. He observed two people in the Chevrolet; and at this time, the driver and the passenger in the Chevrolet, exchanged positions without getting out of the Chevrolet. The patrolman observed a small man get out from under the steering wheel of the Chevrolet and a heavy-set person got under the steering wheel and immediately took off from the shoulder of the road. The patrolman pursued with the blue light on and the siren on. The Chevrolet attained speeds of 80 miles per hour, and the speed limit in that area was 60 miles per hour for automobiles. This pursuit lasted for one-half mile when the Chevrolet appeared to slow down. The patrolman began also to slow down; and at this time, the driver of the Chevrolet went to the north shoulder of the highway and then spun the car around and took off in an easterly direction on U. S. Highway No. 64. The patrolman again tried to stop the Chevrolet automobile, but it avoided the patrol car and continued in an easterly direction until it went over a 30-foot embankment. This occurred about 3:30 a.m. at a point about five-tenths of a mile from the Town of Asheboro. The patrolman from the top of the embankment could hear people running through the woods from the Chevrolet car. The patrolman radioed for assistance, and Deputy Sheriff Larry Allen and several patrol cars came to the assistance of Patrolman McAllister. Some fifteen minutes later, the defendant was brought out of the woods by Deputy Sheriff Larry Allen. At that time the defendant was placed under arrest for driving under the influence of an intoxicating beverage. Patrolman McAllister asked the defendant for his operator's license,

and he did not have one. It was stipulated by counsel for the defendant that the defendant had no operator's license but was eligible to get it back. Patrolman McAllister identified the defendant as the heavy-set person whom he had seen driving the Chevrolet automobile.

The defendant introduced evidence to the effect that he was not driving the automobile; that he was the owner of the Chevrolet automobile but was in the backseat drunk and asleep; that a friend, Harvey Trogdon, was doing the driving and that he, Davis, did not know what had happened until after the car had wrecked. The defendant also introduced as a witness Harvey Trogdon, who stated that he had been driving the automobile on the occasion in question and that he did not remember stopping on the highway and that a car was passing when the next thing that he knew was the car he was driving went over the embankment.

[1] The defendant assigns as error the denial of his motion for nonsuit at the close of the State's evidence for that there was a fatal variance between the allegations and the proof. The defendant says that there was no proof that the occurrence was in Randolph County, whereas, the warrants so recited. There is no merit in this exception for that the Court will take judicial notice that U. S. Highway No. 64 five-tenths of a mile from Asheboro is in Randolph County. Asheboro is the County Seat of Randolph County. The defendant further contends a fatal variance in the warrant with regard to lack of an operator's license for that the warrant said, "chauffeur's" license rather than operator's license. There is no merit in this exception for that a "chauffeur's" license is only a form of an operator's license. The defendant was fully aware that his privilege to operate a motor vehicle had been revoked and it was so stipulated.

The defendant further assigns as error the charge of the court to the effect that U. S. Highway No. 64 was a public road in Randolph County at a point five-tenths of a mile from Asheboro. As previously stated, the Court could take judicial notice of this fact. As said in *State v. Vick,* 213 N.C. 235, 195 S.E. 779 (1938) :

> "There are many facts of which the court may take judicial notice, and they should take notice of whatever is, or ought to be, generally known within the limits of their

jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. . . .''

[2] The defendant further assigns as an error the court's instruction to the jury to the effect:

"Now, the defendant has testified in his own behalf, and you may find that he or some of the other witnesses are interested in the outcome of the trial, and in deciding whether or not to believe such witnesses, you may take the interest that they have into account. If after doing so, you believe his testimony in whole or in part, you treat it, what you believe, the same as any other believable evidence."

This, or a similar admonition, has been approved too many times by the Court to require further discussion. The defendant, in support of this exception, refers to the case of *State v. Ownby,* 146 N.C. 677, 61 S.E. 630 (1908). The *Ownby* case is not in point and is readily distinguishable.

We have considered the other exceptions taken by the defendant and find them without merit.

This case presented a clear question as to the identity of the driver of the Chevrolet automobile involved. The evidence in this regard was conflicting and presented a jury question. The jury accepted the evidence on behalf of the State. We find no prejudicial error in the trial.

No error.

Judges HEDRICK and BALEY concur.