NEWS & OBSERVER PUBLISHING COMPANY v. STATE OF NORTH CAROLINA, EX REL. HAYWOOD STARLING, DIRECTOR OF THE STATE BUREAU OF INVESTIGATION

THE COUNTY OF WAKE v. STATE OF NORTH CAROLINA, EX REL. HAYWOOD STARLING, DIRECTOR OF THE STATE BUREAU OF INVESTIGATION, IN HIS OFFICIAL CAPACITY

DR. JOHN A. MURPHY v. STATE OF NORTH CAROLINA, EX REL. HAYWOOD STARLING, DIRECTOR OF THE STATE BUREAU OF INVESTIGATION, IN HIS OFFICIAL CAPACITY

No. 8210SC1087

(Filed 20 December 1983)

**Public Records § 1— SBI report—available to public—no abuse of discretion**

There was no abuse of discretion in a trial judge's decision to make an SBI report on the activities of a school superintendent available to the public. G.S. 114-15.

APPEAL by respondent from *Bailey, Judge*. Order entered 24 September 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 1 September 1983.

This is an appeal from an order to make public the materials collected in an investigation by the North Carolina State Bureau of Investigation. The SBI, at the request of the District Attorney of Wake County, made an investigation of the activities of Dr. John A. Murphy while he was Superintendent of Schools for Wake County. After examining the report, the District Attorney announced he would not institute any criminal action against Dr. Murphy.

The News and Observer Publishing Company filed a petition in the Superior Court of Wake County praying for an order that the SBI report as to the activities of Dr. Murphy, including any related matters contained therein, be made public. Wake County filed a petition in which it asked that copies of the report be given to the County Manager, the County Attorney, and their assistants. Dr. Murphy filed a petition in which he asked that the report be given to him. The respondent filed answers to the three petitions and asked that they be dismissed.

Judge Bailey found that the public interest in having information upon which to judge public officials outweighed the interest of the SBI in keeping the report confidential and ordered that the contents of the report be made available to the public. The respondent appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General Andrew A. Vanore, Jr., Assistant Attorney General J. Michael Carpenter, and Associate Attorney Daniel C. Higgins, for the State.*

*County Attorney Michael R. Ferrell for the County of Wake.*

*Sanford, Adams, McCullough and Beard, by H. Hugh Stevens, Jr. and Nancy Bentson Essex, for petitioner appellee News and Observer Publishing Company.*

WEBB, Judge.

This appeal involves the interpretation of G.S. 114-15 which provides in part:

"All records and evidence collected and compiled by the Director of the Bureau and his assistants shall not be considered public records within the meaning of G.S. 132-1, and following, of the General Statutes of North Carolina and may be made available to the public only upon an order of a court of competent jurisdiction."

We believe that under this section of the statute the General Assembly intended that in some cases SBI reports in criminal investigations should be made public. The statute gives no guidelines as to when this may be done and we believe that it was within Judge Bailey's discretion as to whether it should be done in this case. If we cannot hold that he abused his discretion, we cannot disturb this order.

In exercising his discretion Judge Bailey balanced the interests of the public in having information as to the actions of their officials against the SBI and public interest in keeping investigative reports confidential. He took judicial notice of the fact that expenditures for public schools exceed all other categories of governmental appropriations in this state and it is of major public interest as to how the official is functioning who is en-

trusted with responsibility for the day-to-day operations of the Wake County Public Schools. Judge Bailey also took notice of the fact that the public has an interest in knowing facts as to the functioning of the Wake County Board of Education, which hired and supervised Dr. Murphy and the District Attorney who made the decision not to prosecute him. The court recited in its order that it had offered to excise from the report the names of any persons who had been promised confidentiality but the respondent had not given the court the names of any such persons.

We hold that on these findings we cannot say the court abused its discretion in ordering the report to be made public.

The respondent, relying on *State v. Goldberg*, 261 N.C. 181, 134 S.E. 2d 334 (1964); *State v. Tune*, 13 N.J. 203, 98 A. 2d 881 (1953), *later appealed, State v. Tune*, 17 N.J. 100, 110 A. 2d 99 (1954), *cert. denied, Tune v. N.J.*, 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955); and *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972), argues that the "inspection of privileged material is to be a rare situation and only upon a showing of substantial and legitimate necessity by those seeking access." He argues further that "the interests to be balanced are those of the individual seeking inspection versus the public's substantial interest in protecting the ability of law enforcement officers to detect, investigate and prosecute criminal wrongdoing." He contends there has been no showing in this case by any of the petitioners of a legitimate entitlement.

We do not read the statute as does the respondent. The statute contemplates that the results of SBI investigations "may be made available to the public." We do not think that consistent with this language the release of an SBI report should depend on the interest of any one individual. We believe it is the public interest which should be considered in determining whether an SBI report should be released. Judge Bailey made findings as to the public interest. We believe his order based on these findings was within his discretion.

We do not believe any of the cases relied on by the respondent is helpful to his position. *State v. Davis, supra*, and *State v. Tune, supra*, do not deal with G.S. 114-15. *State v. Goldberg, supra*, affirms an order of the superior court which refused to order than an SBI report be released.

The respondent assigns error to the court's finding of fact as to the importance of Dr. Murphy's position, the large expenditures of money for public education, the interest of the public in the conduct of the Superintendent of Schools for Wake County, the Wake County Board of Education and the District Attorney, and the importance of the material in the SBI report. The respondent argues that none of these findings of fact are supported by the evidence. We believe all of them are matters of general knowledge of which the court could take judicial notice. *See State v. Vick*, 213 N.C. 235, 195 S.E. 779 (1938).

The respondent also argues that the court's finding of fact that "most of the individuals interviewed by the SBI were aware that their responses might well become public knowledge eventually" is not supported by the record. The affidavit of Claude H. Green, an SBI agent who participated in the investigation, stated most of the individuals were told that the information they provided "would not be disclosed unless they were called as a witness in a judicial proceeding." We believe this supports the finding of fact.

Affirmed.

Judges HEDRICK and HILL concur.