STATE OF NORTH CAROLINA v. WALTER LEON CARRINGTON

No. 8414SC427

(Filed 2 April 1985)

1. **Automobiles and Other Vehicles § 131.1— leaving scene of accident—testimony that piece of chrome matched defendant's damaged car—admissible**

In a prosecution for driving while his license was permanently revoked and for failing to give required information after an accident involving property damage, there was no error in admitting an officer's testimony that a piece of plastic chrome fit a damaged portion of defendant's car headlight rim "like a puzzle." The officer's testimony was based on his personal knowledge and concerned circumstances he had actually observed, the expression "fit like a puz-

State v. Carrington

zle" was merely a shorthand statement of fact rather than an expression of opinion, and the jury was free to come to their own conclusion.

2. **Automobiles and Other Vehicles §§ 3.4, 131.1— driving with revoked license—leaving scene of accident—evidence sufficient**

In a prosecution for leaving the scene of an accident and driving with a revoked license, defendant's motions to dismiss for insufficient evidence were properly denied where a man who had known defendant since 1968 testified that he saw defendant driving a silver and burgundy Chevrolet away from the site of a collision with the witness's car, that defendant did not stop to leave the required information, and that defendant gave the witness $800 to pay for the damage to his car and to persuade him not to report the accident to defendant's insurance company; an officer testified that the Chevrolet was registered to defendant and his wife, that part of defendant's damaged car was found near the other car, and that defendant's driving record showed that his license had been revoked; and defendant admitted that his license had been permanently revoked. G.S. 20-166(b), G.S. 20-28(b).

3. **Criminal Law § 117.5— limiting instruction on prior convictions—failure to list all prior convictions**

Defendant could not successfully argue on appeal that the trial court erred when it failed to list all of his prior convictions when instructing the jury that defendant's testimony about his prior convictions could only be used to judge his truthfulness because the court had done precisely what defendant's counsel requested. Moreover, the omitted offenses and the two offenses instructed on were all traffic offenses; thus, the category encompassing all of defendant's prior convictions was dealt with as required in the trial court's instructions to the jury.

4. **Criminal Law § 111.1— instructions on driving without license and leaving scene of accident—no error**

In a prosecution for driving with a revoked license and not leaving the required information at the scene of an accident, the court did not err by instructing the jury that a 1977 Chevrolet is a motor vehicle and that Lancaster Street in Durham is a public highway. The court's statements were merely statements of fact which could have been judicially noticed; moreover, defendant did not object to this portion of the instruction at trial.

APPEAL by defendant from *Hobgood (Robert H.), Judge.* Judgment entered 2 December 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 January 1985.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Jo Anne Sanford for the State.*

*William G. Goldston for defendant appellant.*

COZORT, Judge.

The jury convicted Walter Leon Carrington of driving while his driver's license was permanently revoked and failing to give required information after an accident or collision involving property damage. The defendant's assignments of error on appeal concern the admission of evidence, the denial of his motions to dismiss, jury instructions, and an alleged improper expression of opinion by the trial judge. Having reviewed the defendant's contentions, we hold that the defendant's trial was free of prejudicial error. The facts follow.

On 31 March 1983, at approximately 9:40 p.m., Thomas Leroy Williams, Jr., was at his home on Lancaster Street when he heard what sounded like a car hitting another car. Williams rushed to his front door and saw the defendant in a silver and burgundy Chevrolet making a U-turn at an intersection about twenty feet away. Williams followed the car down the street, but turned back toward his home when he lost sight of the automobile. Upon his return home, he then saw the silver and burgundy Chevrolet parked on Lancaster Street. Williams went into a house on Lancaster Street where people gather to socialize and found the defendant. Williams called Officer Ervin Roberts. At trial, Williams stated that his car had been damaged in the amount of $1,100.00. He also testified that he found a piece of plastic chrome lying by his left rear wheel and that Officer Roberts took it as evidence.

Officer Roberts of the Durham Public Safety testified that he responded to the call on 31 March 1983 concerning the hit and run collision on Lancaster Street. Officer Roberts met Williams at the scene and obtained from Williams the license number of the silver and burgundy car Williams had seen. He later determined that the car was registered to the defendant and his wife, Lois Carrington. Officer Roberts also testified that Williams gave him a piece of plastic chrome and that when he applied the piece of chrome to the right front quarter of the silver and burgundy car where a piece of chrome was missing, "it fit like a puzzle." Officer Roberts further stated that the defendant's license had been permanently revoked in 1981 according to the certified copy of the defendant's driving record admitted into evidence.

The defendant admitted at trial that his license had been revoked but stated that he did not drive his car at any time. The defendant testified that on the evening of 31 March 1983 he rode with his wife to a friend's house, then walked to the house where he was found on Lancaster Street and remained there until he was arrested by Officer Roberts.

[1]   On appeal, the defendant first contests the admission of Officer Roberts' testimony regarding the results of what the defendant terms as a "test or experiment" conducted on the defendant's car with the piece of plastic chrome. Officer Roberts testified that he took a piece of plastic chrome that Williams had found beside his car, attempted to match it to a damaged portion of the defendant's car headlight rim, and found that the two edges "fit like a puzzle." The defendant contends that this testimony was improperly admitted opinion evidence because Roberts had never been qualified as an expert in the field of physics or metallurgy.

We disagree that Roberts' testimony constituted opinion evidence which required, in order to be admitted, that he be better qualified than the jury to draw inferences from the facts. *State v. Siler*, 66 N.C. App. 165, 311 S.E. 2d 23, *modified on other grounds and affirmed*, 310 N.C. 731, 314 S.E. 2d 547 (1984). In the first place, Roberts' testimony was based on his personal knowledge and concerned circumstances he had actually observed. Thus, it was not improper for Officer Roberts to testify that the broken edge of the piece of chrome matched the broken edge of the rim of the defendant's car headlight. Roberts' further explanation that the chrome "fit like a puzzle" was merely a shorthand statement of the facts rather than an expression of an opinion. *See State v. Miller*, 302 N.C. 572, 276 S.E. 2d 417 (1981). The jury was still free to come to their own conclusion as to whether they believed the chrome came from the defendant's car headlight and whether it was broken off during the collision with Williams' car. We hold that Roberts' testimony was properly admitted.

[2]   As his second assignment of error, the defendant asserts that the trial court erred in denying his motions to dismiss at the close of the State's evidence and at the close of all the evidence.

In ruling on a motion to dismiss for insufficient evidence, the trial judge must view the evidence in the light most favorable to the State and determine whether the State has presented sub-

stantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conviction. *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984).

The defendant was charged with violations of G.S. 20-166(b) and G.S. 20-28(b) on 31 March 1983. These statutes were later amended, effective 1 October 1983. G.S. 20-166(b), as it read at the time the defendant was charged, in substance required that the driver of a vehicle involved in an accident or collision resulting in property damage alone immediately stop his vehicle at the scene of the collision and give his name, address, and other pertinent information to the owner of the damaged property. If the damaged property is a parked and unattended vehicle, the responsible driver under G.S. 20-166(b) must furnish this information to the nearest available peace officer or leave a paper writing containing the required information in a conspicuous place on the damaged vehicle and later contact the owner as provided under G.S. 20-166.1(c).

To obtain a conviction under G.S. 20-28(b) at the time the defendant was charged and presently, the State must prove beyond a reasonable doubt: "(1) the operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked." *State v. Atwood*, 290 N.C. 266, 271, 225 S.E. 2d 543, 545 (1976).

In the present case, the State offered the testimony of Thomas Leroy Williams, Jr., who stated that he saw the defendant, whom he had known since 1968, on the night in question driving a silver and burgundy Chevrolet away from the site of the collision with his car. The defendant did not stop his car to attempt to leave the required information with Williams or on the damaged car. Williams further testified that the defendant gave him $800.00 to pay for the damage to his car and to persuade him not to report the accident to the defendant's insurance company.

The State also offered the testimony of Officer Roberts to show that the silver and burgundy Chevrolet was registered to the defendant and his wife and that part of the defendant's damaged car was found near Williams' car. Officer Roberts also testified that according to the defendant's driving record his

license had been revoked. The defendant later admitted that his license had been permanently revoked.

We hold that the evidence presented by the State constituted substantial evidence from which a reasonable mind might accept as adequate to support a conviction of failing to give required information after an accident or collision involving property damage in violation of G.S. 20-166(b) and driving a motor vehicle on a public highway while his driver's license was permanently revoked in violation of G.S. 20-28(b).

[3] Thirdly, the defendant contends in his brief that the trial court erred when it failed to list or name all of the defendant's prior convictions when it instructed the jury that the defendant's testimony about his prior convictions could be used only as a means to judge the defendant's truthfulness. Citing *State v. Wallace*, 54 N.C. App. 278, 283 S.E. 2d 404 (1981), the defendant argues that it was error for the trial judge to give the "truthfulness only" instruction with regard to the convictions of driving under the influence, second offense, and driving while his license was revoked, elicited from the defendant on cross-examination, while the trial court gave no instruction whatsoever on fourteen other traffic convictions listed on the defendant's driving record which had been admitted into evidence and circulated among the jurors for the purpose of showing that the defendant's license was in a state of revocation on 31 March 1983.

Our review of the transcript in this case reveals that contrary to the defendant's current argument, the trial court did precisely what the defendant's counsel requested at trial. After the State's request for an instruction listing all of the convictions that were admitted into evidence, defense counsel, attempting to ease the trial court's fear of reversal on the basis of *Wallace*, stated:

> Well, let's be on the safe side, if Your Honor please. I would like to be upon record that, even though the jury has seen [his driving record], I don't think as a matter of instructions to the jury . . . that anything other than the fact that his license, and we admitted, was in a state of permanent revocation . . . should be included . . . .

Defense counsel's overall reasoning was based on the fact that the State had not cross-examined the defendant on all of the convictions contained in his driving record. The trial court thereafter sustained the defendant's objection and agreed to instruct *only* with respect to the two prior convictions brought out and discussed on cross-examination.

The trial court then asked whether there were any other requests for instructions. After the State requested an instruction on circumstantial evidence, the trial court again asked whether there were any other requests for instructions. Defendant's counsel replied: "None, your Honor." At the completion of the charge, the trial court sent the jury out to select a foreman and then inquired of both counsel: "[A]re there any objections, corrections, or additions to the Charge?" After the State replied that it had none, defendant's counsel stated: "Nor from the defendant, if Your Honor, please." The defendant made no further objection or request. We therefore hold that the defendant cannot now successfully argue on appeal that the trial court committed reversible error when it honored the defendant's request to omit any reference in the charge to the other fourteen offenses contained within the defendant's driving record.

We note that in any event the principle set forth in *Wallace* has not been violated in this case. *Wallace* requires that if the trial court chooses to mention any prior conviction, it must, at least, "state every category of prior convictions supported by the evidence so that the jury will know that the limiting instruction applies to all the prior convictions contained in the record." *Id.* at 283, 283 S.E. 2d at 408. In the case *sub judice*, the two offenses mentioned in the trial court's instructions to the jury were traffic offenses: driving under the influence and driving while license revoked. The convictions contained in the defendant's driving record were also traffic offenses. Thus, the category encompassing all of the defendant's prior convictions was dealt with as required in the trial court's instructions to the jury.

[4]  As his final assignment of error, the defendant asserts that the trial court improperly expressed his opinion to the jury regarding whether the State had met its burden of proof on two elements of the crime of driving while license revoked. The trial judge instructed the jury as follows:

Now, I charge that for you to find the defendant guilty of driving a motor vehicle on a public highway while his driver's license was permanently revoked, the State must prove three things beyond a reasonable doubt:

First, that the defendant drove a motor vehicle. *A 1977 Chevrolet is a motor vehicle.*

Second, that he drove the motor vehicle on a public highway. *Lancaster Street in Durham is a public highway*; and . . . . (Emphasis added.)

The defendant contends that the trial judge committed prejudicial error when he stated that a 1977 Chevrolet is a motor vehicle and that Lancaster Street is a public highway. Again, the defendant did not object to this portion of the instruction at trial. In any event, we hold that the trial court's statements did not constitute an improper expression of an opinion, but were merely statements of fact which could have been judicially noticed, which would have alleviated the State's burden of producing evidence to establish these facts. *See generally, State v. Painter*, 261 N.C. 332, 134 S.E. 2d 638 (1964); *State v. Davis*, 20 N.C. App. 252, 201 S.E. 2d 198 (1973). As stated in *State v. Vick*, 213 N.C. 235, 238, 195 S.E. 779, 781 (1938), "justice does not require that courts profess to be more ignorant than the rest of mankind." This assignment of error is overruled.

For the reasons stated above, we hold the defendant's trial was free of prejudicial error.

No error.

Judges WEBB and EAGLES concur.