STATE OF NORTH CAROLINA v. BOBBY EUGENE McKENZIE

No. 7920SC673

(Filed 1 April 1980)

1. **Constitutional Law § 48— effective assistance of counsel—same attorney representing defendant and spouse—joint trial—spouse prohibited from testifying against other spouse**

   There is no merit in defendant's contention that he was denied the effective assistance of counsel because he and his wife were represented by a single appointed attorney in a felonious assault case and that a conflict of interest existed in that he was prevented by G.S. 8-57 from presenting exculpatory evidence which would have tended to incriminate his wife where there was nothing in the record to indicate that a conflict of interest existed between defendant and his wife and there was nothing in the record to show what testimony defendant would have presented had separate counsel been appointed.

2. **Criminal Law § 83— statute prohibiting spouse from testifying against other spouse—conviction not unconstitutional**

   Defendant's conviction of felonious assault in a joint trial with his wife was not unconstitutional on the ground that G.S. 8-57 prevented him from giving exculpatory testimony which may have incriminated his wife where the record does not disclose what defendant's testimony would have been that he claims was prohibited by G.S. 8-57.

3. **Criminal Law § 181— motion for appropriate relief**

   The trial court did not err in denying defendant's motion for appropriate relief on the ground that defendant failed to raise the issues presented in the motion in a previous motion for post-conviction relief, although defendant was not represented by counsel in filing the previous post-conviction motion, where there is nothing in the record indicating that defendant requested or was denied the assistance of counsel on the prior motion or that defendant's lack of counsel impaired his right to raise adequately in that motion the issues that he now raises. G.S. 15A-1419.

ON writ of certiorari to review the order entered by *McConnell, Judge*. Order entered 27 April 1979 in Superior Court, RICHMOND County. Heard in the Court of Appeals 14 January 1980.

On 13 October 1975, defendant was convicted of assault with a deadly weapon with the intent to kill inflicting serious bodily injury, and was sentenced to a prison term of 12 years. Defendant filed a motion for appropriate relief on 15 March 1979, alleging that his conviction was unconstitutional "because of an unresolved conflict of interest in the representation by a single attorney of defendant and his wife, a codefendant, and because a joinder of

the two defendants for trial and the preclusive effect that N.C.G.S. § 8-57 had on testimony by either of the defendants tending to implicate the other." Concerning these allegations, defendant averred that "[w]hile defendant briefly took the stand to defend himself, he could not present exculpatory evidence that tended to incriminate his wife because of N.C.G.S. § 8-57" and that his wife did not testify. Defendant further averred that "[n]either the court nor defendant's attorney informed him of his right to request that he not be tried jointly with his wife, nor was defendant informed of his right to request separate counsel." Although defendant had previously petitioned for post-conviction relief wherein he challenged the consolidation of his trial with that of his wife and claimed ineffective representation of counsel, defendant averred that he was not represented by counsel and "was not sufficiently advised of his legal and constitutional rights to raise directly the issues that are raised by this motion." On hearing, Judge McConnell denied the motion on the ground that defendant failed to raise his position as to G.S. 8-57 in his earlier petition, in that "[u]nder the law in North Carolina, when a defendant was in a position to adequately raise an issue underlying the present motion but did not do so, relief will be denied." The court stated further that the issue concerning consolidated trials had been previously determined on the merits where there was found no error. Finally, the court observed that defendant made no assertion that the defendant actually intended to introduce testimony at the trial that would exculpate himself and incriminate his wife.

On 30 May 1979, defendant filed a petition for writ of certiorari pursuant to North Carolina Appellate Rule 21 and G.S. 15A-1420(c)(3), reasserting the arguments presented in his previous petition and motion. Defendant argued that because of his lack of prior representation and because his direct appeal was confined to "matters on the record", defendant, under G.S. 15A-1419(a)(1), was not "in a position to adequately raise the ground or issue underlying the present motion." We allowed defendant's petition for writ of certiorari on 18 June 1979.

*Attorney General Edmisten, by Assistant Attorney General Norma S. Harrell, for the State.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for defendant appellant.*

MORRIS, Chief Judge.

All of defendant's assignments of error concern various aspects of defendant's motion for appropriate relief which was denied by the trial court.

[1] Defendant first argues that his conviction was unconstitutional because of an unresolved conflict of interest by the representation by one attorney of defendant and his wife simultaneously. Defendant cites numerous federal decisions in support of his position that joint representation is constitutionally defective where there is shown a possible conflict of interest. *E.g., United States v. DeYoung,* 523 F. 2d 807 (3d Cir. 1975); *Walker v. United States,* 422 F. 2d 374 (3d Cir. 1970); *Sawyer v. Brough,* 358 F. 2d 70 (4th Cir. 1966). Defendant contends he was prevented from presenting exculpatory evidence because such evidence would have tended to incriminate his wife, contrary to G.S. 8-57.

The law recognizes that "a lawyer representing multiple defendants whose interests are conflicting cannot act with that degree of loyalty which effective representation requires." *Goodson v. Peyton,* 351 F. 2d 905, 908 (4th Cir. 1965). This rule is founded in the traditional notion that the " 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired" by a requirement that one lawyer shall simultaneously represent conflicting interests. *Glasser v. United States,* 315 U.S. 60, 70, 86 L.Ed. 680, 699, 62 S.Ct. 457, 465 (1942). However, although a defendant is entitled to the "untrammeled and unimpaired" assistance of counsel for his defense, "representation of codefendants by the same attorney is not tantamount to the denial of effective assistance of counsel guaranteed by the sixth amendment. There must be some showing of a possible conflict of interest or prejudice, however remote, before a reviewing court will find the dual representation constitutionally defective." (Citations omitted.) *Walker v. United States, supra,* 422 F. 2d at 375.

In *State v. Engle,* 5 N.C. App. 101, 167 S.E. 2d 864, *cert. denied,* 275 N.C. 682, --- S.E. 2d --- (1969), defendants argued, on appeal from their convictions of robbery with firearms, that they were denied effective assistance of counsel because they did not have separate attorneys appointed to represent them. In support

of defendants' position, the Court found in the record only an un-dated stipulation of counsel that a request was made and denied. No motion or argument was made to the trial judge. The Court held that defendant's constitutional right to the effective assistance of counsel was not violated where there was no show-ing of a conflict of interest between the two defendants, and where it appeared that counsel diligently represented both par-ties. Quoting from *United States v. Dardi*, 330 F. 2d 316, 335 (2d Cir.), *cert. denied*, 379 U.S. 845, 13 L.Ed. 2d 50, 85 S.Ct. 50 (1964), the Court concluded:

> While the right to counsel is absolute, its exercise must be "subject to the necessities of sound judicial administration" [citation omitted]; and where there appears to be no conflict, the court may, in its discretion, assign to a defendant the at-torney of a co-defendant. [Citation omitted.] Such an assign-ment is not, in itself, a denial of effective assistance of counsel. Since *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), it has been clear that some conflict of interest must be shown before an appellant can successful-ly claim that representation by an attorney also engaged by another defendant deprived him of his right to counsel.

*State v. Engle, supra*, 5 N.C. App. at 104, 167 S.E. 2d at 865-66.

In the present case, we have carefully reviewed the record and find nothing to indicate that a conflict of interest existed be-tween defendant and his wife. Aside from his bald allegation of "an unresolved conflict of interest", defendant presents nothing to show that a conflict did, in fact, exist. Although defendant alleged that he was precluded from presenting exculpatory evidence because it tended to incriminate his wife, nothing indicates what testimony would have been given had separate counsel been ap-pointed. Consequently, we are given no basis upon which to rule on defendant's contention. We, therefore, reject this argument and overrule defendant's assignment of error.

[2] Defendant argues in addition that his conviction was un-constitutional because G.S. 8-57 prevented him from giving ex-culpatory testimony which may have incriminated his wife. Subject to certain exceptions not relevant to this case, G.S. 8-57 provides that "[n]othing herein shall render any spouse competent or compellable to give evidence against the other spouse in any

criminal action or proceeding." Under this section, where evidence is rendered incompetent it is the duty of the trial judge to exclude it, and his failure to do so is reversible error, regardless of whether an objection has been made. *State v. Thompson*, 290 N.C. 431, 226 S.E. 2d 487 (1976). We are aware of many decisions which have applied G.S. 8-57 holding testimony incompetent. *E.g., State v. Porter*, 272 N.C. 463, 158 S.E. 2d 626 (1968); *State v. Dillahunt*, 244 N.C. 524, 94 S.E. 2d 479 (1956). Those cases are inapplicable in the present case, because here the record does not disclose what the testimony would have been that defendant claims is prohibited by G.S. 8-57. It is, therefore, impossible to discover what prejudice, if any, defendant has suffered from his alleged inability to testify against his wife. In this regard, we reject defendant's argument that the trial court erred in concluding that appeal was the exclusive remedy by which defendant could challenge the preclusive effect of G.S. 8-57 on the testimony given at the joint trial with his wife. Suffice it to say that this question is rendered moot by our holding that G.S. 8-57 is inapplicable to the facts of this case.

[3]   Defendant next argues that the trial court erred by denying his motion for appropriate relief on the ground that defendant failed to raise the issues presented in the motion in a previous motion for post-conviction relief. G.S. 15A-1419 provides:

> (a) The following are grounds for the denial of a motion for appropriate relief:
>
> > (1) Upon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. This subdivision does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right. This subdivision does not apply when the previous motion was made within 10 days after entry of judgment.
> >
> > (2) The ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment or upon a previous motion or proceeding in the courts of this State or a federal court, unless since the time of such previous determination there has been a retroactively effective change in the law controlling such issue.

(3) Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.

Defendant contends that in his previous motion, he was not represented by counsel, and was not sufficiently advised of his legal rights to raise adequately the issues raised in the present motion. It is true that an indigent is entitled to service of counsel in a proceeding involving a motion for appropriate relief. G.S. 7A-451. However, there is nothing in the record indicating that defendant requested and was denied assistance of counsel on the prior motion. Further, we cannot say, without more, that defendant's lack of counsel impaired his right to raise adequately the issues in that motion that he raises now. Defendant's assignment of error is overruled.

Defendant has provided us with no basis which would compel us to upset the trial court's ruling on defendant's motion for appropriate relief. Since we find no prejudicial error in the court's ruling, the order appealed from is

Affirmed.

Judges MARTIN (Harry C.) and HILL concur.