STATE OF NORTH CAROLINA v. RICHARD RAYMOND SILER, III

No. 8321SC512

(Filed 17 January 1984)

**1. Narcotics § 4.7— failure to instruct on lesser offenses proper**

In a prosecution for conspiracy to traffic in cocaine and trafficking in cocaine in violation of G.S. 90-95(h)(3)(b), the trial court properly failed to instruct the jury with reference to possession of cocaine in violation of G.S. 90-95(b)(2) since the only evidence as to the amount of cocaine possessed by defendant was to the effect that defendant possessed cocaine in excess of 28 grams.

**2. Narcotics § 4— sufficiency of evidence**

In a prosecution for conspiracy to traffic in cocaine and trafficking in cocaine in violation of G.S. 90-95(h)(3)(b), the evidence was sufficient to be sent to the jury where the evidence tended to show that defendant arranged to purchase between eight and twelve ounces of cocaine, and he was in the process of doing exactly that when he was arrested.

**3. Narcotics § 3.1— competency of evidence**

The trial court properly allowed a witness to explain that a code was used by the witness and defendant in discussing cocaine over the telephone.

Judge BECTON dissenting.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 9 December 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 December 1983.

Defendant was charged with and convicted of conspiracy to traffic in cocaine and trafficking in cocaine in violation of G.S. 90-95(h)(3)(b). He appeals from judgments entered on the verdicts of the jury. Facts necessary for the decision will be set out in the opinion.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Philip A. Telfer for the State.*

*Bruce C. Fraser for defendant appellant.*

HILL, Judge.

[1] The first question presented in this case is whether the trial court erred in refusing to instruct the jury on lesser included offenses. Defendant asserts as error the trial judge's refusal to submit to the jury, as a possible lesser included offense, misdemeanor and felonious possession of cocaine pursuant to G.S. 90-95(d)(2).

The principle of defendant being entitled to have different permissible verdicts arising on the evidence presented to the jury under proper instructions applies when, and only when, there is evidence of guilt of the different permissible degrees. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Smith,* 201 N.C. 494, 160 S.E. 577 (1931). "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954) (original emphasis).

State v. Siler

Applying this rule to the facts of this case, we find that the record is void of any evidence tending to show that defendant may be guilty of a lesser included offense. The evidence is briefly summarized as follows: On 11 May 1982, defendant telephoned an acquaintance, asking, "Can we play eighteen holes of golf this afternoon?" Based on prior communications, the acquaintance interpreted the inquiry as a request for cocaine. He told defendant he would know later that day, and upon calling back, said he could secure eight ounces of cocaine. Defendant requested four additional ounces. Subsequently the two met at a designated place. Defendant used cocaine in the acquaintance's car, knew about cocaine in the front seat of the car, and knew the purpose of the meeting. Defendant and his acquaintance were arrested and eleven ounces of cocaine were seized from the car. The only evidence as to the amount of cocaine possessed by defendant is to the effect that defendant possessed cocaine in excess of 28 grams. There is not a scintilla of evidence from which the jury could conclude that defendant possessed cocaine in an amount less than 28 grams. Hence, the court properly refused to instruct the jury with reference to G.S. 90-95(d)(2).

[2] Defendant next submits that the court should have granted his motion to dismiss. This assignment of error challenges the sufficiency of the evidence for the State, which viewed in a light most favorable to the State shows that defendant arranged to purchase between eight and twelve ounces of cocaine. He was in the process of doing exactly that when he was arrested. The evidence is clearly sufficient to support a guilty verdict. This assignment of error is without merit.

[3] Defendant next contends that the trial court erred in allowing the prosecuting witness to interpret conversations he had with the defendant. Defendant asserts such testimony was inadmissible in that it invaded the jury's province as fact-finder. We disagree.

The testimony elicited from the witness merely explained that a code was used by the witness and the defendant in discussing cocaine over the telephone. The trial judge allowed the witness to relate what the conversations meant to him. Without such testimony the jury would not have understood the significance of the conversations. When the jury is not as well qualified

as the witness to draw inferences and conclusions from the facts, opinion testimony is admissible. *E.g., State v. Watson,* 287 N.C. 147, 214 S.E. 2d 85 (1975); *see also* 1 Stansbury's North Carolina Evidence § 124 (Brandis Rev. 1973). This assignment of error is overruled.

We have carefully examined defendant's other contentions and find no basis for reversal. The defendant has received a fair and impartial trial, free from prejudicial error.

No error.

Chief Judge VAUGHN concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

I disagree with the majority's statements that "the record is void of any evidence tending to show that defendant may be guilty of a lesser included offense" and that "[t]here is not a scintilla of evidence from which the jury could conclude that defendant possessed cocaine in an amount less than 28 grams." Ante p. 2. I, therefore, respectfully dissent.

All of the approximately 11 ounces of cocaine involved in this case was found in a car driven by co-defendant, Luke Caudle. No cocaine was found in the car in which defendant Siler had been a passenger. The only testimony regarding defendant's knowledge and intent to traffic in cocaine was the testimony of the State's witness, co-defendant Luke Caudle.

The following facts are undisputed. Approximately four ounces of cocaine was found under the driver's seat, the remainder of the cocaine was found in the trunk of Caudle's car. Of the approximately four ounces found under the driver's seat, over three ounces was found in a blue bank bag, and the remainder was found in a small separate plastic baggie. Defendant, himself, testified that after he got in Caudle's car, he snorted cocaine that Caudle gave him from the small plastic baggie.

Significantly, defendant testified that he knew nothing about the cocaine in the blue bank bag under the driver's seat nor the

State v. Siler

cocaine in the trunk of the car. He testified that the cocaine he snorted was the only cocaine he knew about. There was no evidence offered as to the amount of cocaine in the small bag; indeed, the substance in the small bag was not analyzed.

Like the majority, I find Caudle's testimony clearly sufficient to support the charges of trafficking in cocaine and conspiracy to traffic in cocaine. However, I cannot, as the majority must have done, and as a jury is free to do, reject as untrue, defendant's testimony that he only knew about the small amount of cocaine in the plastic baggie. As significant as the fact that the State had the burden of proving the nature of the substance and its weight is the testimony of Caudle suggesting that the small amount of cocaine in the plastic baggie was for his personal use, not for "trafficking."

The evidence, in my view, supports the submission to the jury of the lesser included charges of felony possession of cocaine or misdemeanor possession of cocaine. When there is evidence from which the jury can find that a crime of a lesser degree has been committed, then the trial court must instruct the jury as to the lesser included crime or crimes. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954). Defendant presented evidence that the only cocaine he was aware of was the small amount in the plastic baggie and that he knew nothing of the approximately 11 ounces found elsewhere in Caudle's car. "The *presence of such evidence* is the determinative factor," and compels this dissent. *Id.* at 159, 84 S.E. 2d at 547. I vote for a

New trial.