STATE OF NORTH CAROLINA v. RICHARD RAYMOND SILER, III

No. 46A84

(Filed 30 April 1984)

**Narcotics § 4.7— trafficking in cocaine—instruction on simple possession**

In a prosecution for trafficking in cocaine by possessing at least 28 but not more than 200 grams of cocaine, testimony by defendant that he snorted cocaine from a small, unweighed plastic bag in a codefendant's car but that he did not know about larger amounts of cocaine found in a bank bag under the seat and in the trunk of the codefendant's car required the trial court to charge on the lesser offense of possession under G.S. 90-95(d)(2), and the court's instruction that the jury should consider whether defendant was guilty of simple possession if they should find that defendant possessed less than 28 grams was sufficient since there was no evidence as to the amount of cocaine in the small bag.

APPEAL by defendant from the decision of the Court of Appeals, 66 N.C. App. 165, 311 S.E. 2d 23 (1984), finding no error in the judgment entered by *Rousseau, Judge*, at the 8 December 1982 Session of FORSYTH County Superior Court.

Defendant was charged in indictments, proper in form, with felonious trafficking in cocaine and with conspiracy to traffic in cocaine. Defendant entered a plea of not guilty to each charge.

Evidence for the State tended to show that defendant and Luther Caudle had been friends for a number of years, and that, on 11 May 1982, defendant telephoned Caudle and asked whether they "were going to be able to play all eighteen holes." Caudle, as witness for the State, testified that defendant's question was an inquiry as to whether Caudle would be able to obtain eight ounces of cocaine. According to Caudle, defendant also asked if they "could play an additional nine" which Caudle interpreted as a request for four additional ounces of cocaine. Caudle agreed to request the cocaine and did, in fact, obtain approximately eleven ounces. Caudle took four ounces of the drug and placed it in a bank bag and put the bag under the driver's seat in the automobile which he was driving. Also inside the bank bag was a small bag with an unknown quantity of cocaine in it. The remaining cocaine was contained in a paper bag in the trunk of the car. Caudle was to meet defendant later in the evening at the Ramada Inn in Clemmons, North Carolina. Upon arriving there at approximately

8:30 p.m., Caudle saw defendant in a blue Toyota driven by Jackie Tart. At some point, defendant entered the car with Caudle, and Caudle pulled out the bank bag and took the smaller bag out of it. He and defendant snorted some of the cocaine from the small bag. Shortly thereafter, Caudle drove alone to a nearby Li'l General Store. Subsequently, several officers, acting upon information provided by a confidential source and upon information gained through surveillance of the men's activities that evening, arrested Caudle, Tart and defendant. A search of the automobile which Caudle was driving revealed a blue bank bag underneath the driver's seat. The bank bag contained a plastic bag with white powder and a smaller plastic bag with white powder. A grocery bag containing more plastic bags of white powder was found in the trunk. A search of the Toyota in which defendant was riding revealed no unlawful substances.

H. T. Raney, Jr., a forensic chemist with the State Bureau of Investigation and expert witness for the State, testified that the white powder found in the three big bags was cocaine and that the total weight of the cocaine amounted to over 300 grams. No analysis was performed on the substance in the small bag, and its weight was undetermined.

Defendant testified in his own behalf and admitted his friendship with Caudle and their plans on 11 May 1982 to meet in Clemmons. However, defendant testified that he was to go to Clemmons with Jackie Tart for the purpose of introducing Tart to a Mr. Shouse. Defendant and Caudle were then to leave from Clemmons and go to Myrtle Beach and play golf. Defendant denied making any arrangements regarding cocaine and denied any knowledge that Caudle had any cocaine in the automobile in either the bank bag or the trunk. However, he admitted that at one point at the Ramada Inn, he got into Caudle's car and snorted some of the cocaine from the small plastic bag.

The jury returned verdicts of guilty of conspiracy to traffic in cocaine and of trafficking in cocaine. The cases were consolidated for judgment and defendant received an active sentence of fourteen years. Upon appeal, the Court of Appeals, in an opinion by Judge Hill, concurred in by Chief Judge Vaughn, found no error in the judgment. Judge Becton dissented on the grounds that the trial judge should have instructed on the lesser included of-

fenses of felony and misdemeanor possession. Defendant appealed to this Court as a matter of right pursuant to G.S. 7A-30.

*Rufus L. Edmisten, Attorney General, by John R. B. Matthis, Special Deputy Attorney General, and Philip A. Telfer, Assistant Attorney General, for the State.*

*Bruce C. Fraser for defendant-appellant.*

BRANCH, Chief Justice.

Defendant's sole contention upon appeal is that the trial judge erroneously failed to charge on the lesser included offenses of misdemeanor possession and felony possession. Defendant points out that the crime of "trafficking," as defined in G.S. 90-95(h)(3)a, requires that a party possess at least 28, but not more than 200, grams of cocaine. Defendant maintains that while there is evidence to support a finding that he "trafficked," *i.e.*, possessed at least 28 grams, there is also evidence from which the jury could have found that he possessed less than the requisite 28 grams. Defendant's own testimony was that he only knew about the small plastic bag of cocaine on the front seat of Caudle's car. No analysis was done to verify the weight of the substance in this small bag. Thus, defendant maintains that the jury could have found that he possessed less than 28 grams and would thereby be guilty of only misdemeanor or felony possession under G.S. 90-95(d)(2). The Court of Appeals majority rejected defendant's contention, holding the evidence insufficient to support a charge on the lesser included offense. We disagree. Nevertheless, we conclude that the trial judge correctly charged the jury under the circumstances of this case. The court charged, in pertinent part, as follows:

> So, coming back down to the possession, trafficking by possession, I charge if you find from the evidence beyond a reasonable doubt that on or about the 11th day of May of this year, the defendant knowingly possessed cocaine and the amount of which the defendant possessed was more than 28 grams but less than 200 grams, it would be your duty to return a verdict of guilty of possessing more than 28 grams but less than 200 grams of cocaine. However, if you do not so find or have a reasonable doubt as to one or both of these

things, you would not return a verdict of guilty of possession of more than 28 grams but less than 200 grams of cocaine, in which case you would consider whether the defendant is guilty of possessing cocaine.

The difference in the two charges being that in possessing of cocaine, the State need not prove the amount he possessed as long as some cocaine was possessed.

I charge if you find from the evidence beyond a reasonable doubt that on or about the 11th day of May, 1982, the defendant knowingly possessed cocaine, it would be your duty to return a verdict of guilty of possessing cocaine, it would be your duty to return a verdict of guilty of possessing cocaine. (sic)

However, if you have a reasonable doubt as to any one of these things, then it would be your duty to return a verdict of not guilty.

The court went on to charge on the possible verdicts:

Your verdict must be unanimous. That is, all twelve of you must be of the same accord. I would suggest when you go to make up your verdicts, you select one of your group as foreman to lead you in your deliberations and to mark the papers that will be handed to you as you go out.

They read in part: As to the possession of cocaine, there's a blank space, guilty of possession of more than 28 grams but less than 200 grams, another blank space, guilty of possession of cocaine; another blank space, not guilty.

Have your foreman put an x mark or check mark by your unanimous verdict, date it and sign it and return it open court.

Thus, the jury was instructed that if they should find that defendant possessed less than 28 grams, they should consider whether he was guilty of simple possession. Under the circumstances of this case, there being no evidence as to the amount of cocaine in the smaller bag, the trial judge's charge on the lesser included offense was adequate.

The decision of the Court of Appeals finding no error in the trial court's instruction as modified is affirmed.

Modified and affirmed.