STATE OF NORTH CAROLINA v. PATRICK N. AGUBATA

No. 8810SC332

(Filed 7 February 1989)

1. **Criminal Law § 73— letters written by unavailable declarant—hearsay—properly excluded**

   The trial court did not err in a prosecution for trafficking in heroin by excluding letters received by defendant after his arrest in which the writer apologized for "whatever has happened" and states that "such product" is "mine." The letters were not admissible under N.C.G.S. § 8C-1, Rule 804(b)(3) as statements against an unavailable witness's interest, even assuming that the statements in the letters qualify as statements against penal interest, because there were no corroborating circumstances clearly indicating the statements' trustworthiness.

State v. Agubata

2. **Criminal Law § 73— letters from unavailable third party—hearsay—not admissible under catchall exception**

The trial court in a prosecution for trafficking in heroin properly excluded letters from an unavailable witness in which the writer admitted that he owned the controlled substances found at defendant's residence and apologized for any inconvenience caused defendant. The letters were not admissible as exceptions to the hearsay rule under N.C.G.S. § 8C-1, Rules 803(24) and 804(b)(5), even though the court incorrectly concluded that proper notice had not been given to the prosecutor, because there was a lack of evidence confirming the purported declarant's existence.

3. **Narcotics § 4— trafficking in heroin—heroin mixed with other substances—evidence sufficient**

The trial court properly denied defendant's motion to dismiss charges of trafficking in heroin based on possession of fourteen grams or more but less than twenty-eight grams of heroin where methaqualone made up the majority of the weight of the mixture of controlled substances. The plain language of N.C.G.S. § 90-95(h)(4) provides that possession of "any mixture" weighing four grams or more which contains heroin may be the basis of a charge of trafficking in heroin.

4. **Narcotics § 4.7— trafficking in heroin—instruction on felonious possession of heroin denied—no error**

The trial court did not err in a prosecution for trafficking in heroin based on possession of fourteen grams or more by not submitting to the jury the possible verdict of felonious possession of heroin where an S.B.I. agent who analyzed the substances testified that of the mixture seized, the total amount of pure heroin was 2.545 grams. The "any mixture" language in N.C.G.S. § 90-95(h)(3) allows for a conviction based on the total weight of cocaine mixed with another substance, and there is no basis to define differently the term "any mixture" in N.C.G.S. § 90-95(h)(4). Additionally, whether the mixture contains a controlled substance and neutral cutting agents or is made wholly of controlled substances is of no legal significance.

5. **Narcotics §§ 4.5, 3— trafficking in heroin—constructive possession—actual knowledge of .6 grams**

The defendant in a trafficking in heroin prosecution was not entitled to an instruction on felony possession of heroin based on the lack of evidence that he knew of the presence of any of the heroin packages except one containing .6 grams. The evidence for the State tended to show that the defendant had control of the premises where the packages of the heroin mixture were found, and there was no basis on which the jury could have found a lesser offense was committed.

6. **Criminal Law § 92.5— trafficking in heroin—husband and wife—motion to sever denied**

The trial court did not err in a prosecution for trafficking in heroin by denying defendant's motion to sever his trial from that of his codefendant wife where defendant had made his motion to sever at the first day of trial and was required to renew his motion at the close of all the evidence but did not do so. N.C.G.S. § 15A-927(a)(2).

**7. Criminal Law § 92.1— trafficking in heroin—husband and wife—joinder for trial—no abuse of discretion**

The trial court did not abuse its discretion in a prosecution for trafficking in heroin by ordering the joinder of defendant's case for trial with that of his codefendant wife where the defendants were charged with trafficking in heroin based on controlled substances found in the home they shared, both defendants originally consented to joinder through their prior counsel, the joinder was made prior to defendants' marriage to each other, defendant would not have been the proper person to attempt to assert his wife's spousal privilege, and defendant offered no evidence at trial which would have implicated her as the owner of the controlled substances.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 14 January 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 25 October 1988.

Defendant was charged with trafficking in heroin based on possession of fourteen (14) grams or more than but less than twenty-eight (28) grams of heroin under G.S. 90-95(h)(4)(b). The charge arose out of the seizure of controlled substances during a search of defendant's residence pursuant to a valid search warrant. Defendant and his codefendant girlfriend were married after their arrest but prior to their joint trial. At trial the evidence tended to show that defendant and his codefendant girlfriend were residing in the house named in the search warrant. During the search of the house, packages containing a brown powder substance were found. One package, with contents which weighed 18.7 grams, was found in a wooden box inside a kitchen cabinet. A State Bureau of Investigation agent who analyzed the contents of the package testified that the powder was a mixture of heroin, cocaine, phenobarbital and methaqualone. All of these substances are controlled substances. The contents of a second package, found in a record cabinet in the living room, weighed 0.6 grams. The contents were a mixture of heroin, methaqualone, and phenobarbital. In addition, four small bags, each containing heroin, cocaine, methaqualone and phenobarbital mixed together, were found in a lady's pocketbook in a bedroom in the house. The total weight of the powder substance found in the pocketbook was 2.8 grams. Defendant's testimony was that he knew nothing of the controlled substances found, that a male friend had been residing in the house, and that defendant was in the process of moving into the house when the search was conducted. Defendant was

found guilty of trafficking in heroin. From judgment entered on the verdict, defendant appeals.

*Attorney General Thornburg by Assistant Attorney General Thomas D. Zweigart for the State.*

*Johnny S. Gaskins for the defendant-appellant.*

EAGLES, Judge.

Among the errors argued, defendant asserts that the trial court erred when it refused to admit into evidence letters the defendant alleges were sent to him from another who purportedly confessed to owning the controlled substances found in defendant's home. Defendant also alleges that because the most prevalent controlled substance in the powder was methaqualone, the proper charge was felony possession of methaqualone, not trafficking in heroin, and that he was entitled to a jury instruction on the lesser included offense of felonious possession of heroin. Finally, defendant asserts the trial court erred when it denied his motion to sever his trial from his wife's trial. For the reasons stated below, we find no error.

I

[1] Defendant attempted to introduce two letters he allegedly received after his arrest. They purportedly were written by one Patrick Babatundi. In those letters signed "Pat" and "Patty," the author apologizes to defendant for "whatever has happened" and states that "such product" is "mine." Defendant asserts these letters are admissible as exceptions to the hearsay rule, and assigns as error the trial court's refusal to admit them.

Specifically, defendant contends the letters are statements against an unavailable witness's interest and are admissible under Rule 804(b)(3). Alternatively, defendant contends the letters are admissible under the "catchall" provisions of Rule 804(b)(5) or 803(24) because they are sufficiently trustworthy and proper notice was given the opposing party prior to the trial. The trial court refused to admit the letters based on its finding that proper notice had not been given and that the statements were not sufficiently trustworthy.

G.S. 8C-1, Rule 804(b)(3) provides that, if the declarant is not available as a witness, statements against the declarant's interest are not excluded by the hearsay rule. The unavailability requirement is satisfied here because the defendant was unable to procure the purported declarant's attendance by process. G.S. 8C-1, Rule 804(a)(5). Defendant issued a subpoena for Patrick Babatundi at his last known address. It was returned unserved. A statement against interest is one which "at the time of its making . . . so far tended to subject him [the declarant] to civil or criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." G.S. 8C-1, Rule 804(b)(3). However, "[a] statement tending to expose the declarant to criminal liability is not admissible in a criminal case unless corroborating circumstances clearly indicate the trustworthiness of the statement." *Id.*

Defendant asserts that in order to determine whether hearsay statements are trustworthy, the trial court should examine the factors listed in *State v. Triplett*, 316 N.C. 1, 340 S.E. 2d 736 (1986). Defendant's reliance on *Triplett* guidelines is misplaced. In *Triplett* our Supreme Court was concerned with the "circumstantial guarantees of trustworthiness" under Rule 804(b)(5), not Rule 804(b)(3). "Rule 804(b)(3) requires a two-pronged analysis." *State v. Wilson*, 322 N.C. 117, 134, 367 S.E. 2d 589, 599 (1988). First, the trial court must be satisfied that the statement is against the declarant's penal interest. Second, corroborating circumstances must clearly indicate the trustworthiness of the statement. G.S. 8C-1, Rule 804(b)(3). Assuming *arguendo* that the imprecise and vague statements in the letters purporting to be from a Mr. Babatundi qualify as statements against his penal interest, the second prong in the analysis has not been satisfied. In this case there are no corroborating circumstances clearly indicating the statements' trustworthiness. The only evidence that Mr. Babatundi even exists are the defendant's statements to that effect. Mr. Babatundi was not produced at trial and no one other than defendant was produced to testify that Mr. Babatundi existed or ever lived at the house as defendant asserts. Therefore, the letters were not admissible under Rule 804(b)(3), and the trial court committed no error in excluding them on that basis.

[2] Defendant also asserts the letters are admissible as exceptions to the hearsay rule under Rules 803(24) and 804(b)(5). These

are the "other exceptions" or "catchall" provisions which require that the proponent give written notice to the opposing party and show "equivalent circumstantial guarantees of trustworthiness." G.S. 8C-1, Rule 803(24); G.S. 8C-1, Rule 804(b)(5). Under Rule 803 the declarant's availability is immaterial while under Rule 804 the declarant must be unavailable to testify. As we have noted, the purported declarant here satisfies the unavailability requirement.

Because of the residual, "catchall" nature of Rule 803(24) and Rule 804(b)(5) hearsay exceptions, the exceptions do not contemplate "an unfettered exercise of judicial discretion." *State v. Smith*, 315 N.C. 76, 91, 337 S.E. 2d 833, 844 (1985). Accordingly, evidence proffered for admission pursuant to these exceptions must be carefully scrutinized by the trial court within the framework of the rules' requirements. *Triplett*, 316 N.C. at 8, 340 S.E. 2d at 740; *Smith*, 315 N.C. at 92, 337 S.E. 2d at 844. When evidence is offered pursuant to Rules 803(24) and 804(b)(5), the trial judge is required to analyze its admissibility by undertaking a six-part inquiry. *Triplett*, 316 N.C. at 8, 340 S.E. 2d at 741; *Smith*, 315 N.C. at 92, 337 S.E. 2d at 844.

Specifically, the trial court must determine the following: first, that proper notice was given of the intent to offer hearsay evidence under Rules 803(24) or 804(b)(5); second, that the hearsay evidence is not specifically covered by any of the other hearsay exceptions; third, that the hearsay evidence possesses certain circumstantial guarantees of trustworthiness; fourth, that the evidence is material to the case at bar; fifth, that the evidence is more probative on an issue than any other evidence procurable through reasonable efforts; and sixth, that admission of the evidence will best serve the interests of justice. *Triplett*, 316 N.C. at 9, 340 S.E. 2d at 741; *Smith*, 315 N.C. at 92-96, 337 S.E. 2d at 844-47.

Here the trial court found that proper notice was not given, "that the statement is not trustworthy under the purposes of the rules," and "the interest [sic] of justice will not be served by the admission of the statements in evidence." The trial court incorrectly found that defendant failed to give the proper written notice to the prosecutor. However, the trial court's finding that the defendant did not satisfy the requirement that "equivalent circumstantial guarantees of trustworthiness" be shown and the

State v. Agubata

finding that the interests of justice would not be served by the letters' admission into evidence were proper. Therefore, the trial court's exclusion of the letters was proper.

Defendant's counsel wrote to the prosecutor on December 10, 1987, advising her of his plan to introduce the letters from Mr. Babatundi under Rules 803(24) and 804(b)(5). Since this notice was given a full month prior to trial, it was timely. *See State v. Nichols*, 321 N.C. 616, 623, 365 S.E. 2d 561, 565 (1988) (notice sufficient when opponent ascertained declarant's identity five weeks before introduction of statements into evidence); *State v. Triplett*, 316 N.C. at 13, 340 S.E. 2d at 743 (notice sufficient when opponent received oral notice three weeks prior to trial and written notice on first day of trial).

In addition, while copies of the letters were not tendered, the "particulars" of the hearsay statements were included in defense counsel's letter to the prosecutor. Defense counsel stated that Mr. Babatundi had admitted he owned the controlled substances found at 509 S. Saunders Street and apologized to the defendant for any inconvenience caused by him. Although the address of the declarant was not provided as required by *State v. Smith*, 315 N.C. at 92, 337 S.E. 2d at 844 (1985), defense counsel's letter informed the prosecutor that the declarant's address was unknown. Under the facts and circumstances of this case, where the prosecutor did not request additional information about the letter or a copy of the letter prior to trial, the notice provided by defense counsel was sufficient to provide the prosecution with a fair opportunity to prepare to meet the statements. The trial court's finding to the contrary was error. For the reasons stated, however, the error was harmless.

The trial court also concluded that the letters were not trustworthy under the purposes of the rules. In determining whether a statement proffered under the "catchall" exceptions possesses circumstantial guarantees of trustworthiness, certain factors are significant in guiding trial courts. Among these factors are (1) assurance of personal knowledge of the declarant of the underlying event; (2) "the declarant's motivation to speak the truth or otherwise; (3) whether the declarant ever recanted the statement"; and (4) the reasons, within the meaning of Rule 804(a), for the declarant's unavailability. *State v. Triplett*, 316 N.C. at 10-11,

340 S.E. 2d at 742; *State v. Smith*, 315 N.C. at 93-94, 337 S.E. 2d at 845.

There are other factors relevant to the determination of whether a particular statement is sufficiently trustworthy, *State v. McLaughlin*, 316 N.C. 175, 179, 340 S.E. 2d 102, 105 (1986), which include the presence of corroborating evidence, and the degree to which the proffered statement has "elements of enumerated exceptions to the hearsay rule." *See State v. Nichols*, 321 N.C. at 625, 365 S.E. 2d at 567. The single most important factor here is the lack of evidence confirming the purported declarant's existence. Other than the defendant's uncorroborated statements that Mr. Babatundi was a friend of his brother and that Mr. Babatundi had lived for a time in the house at 509 S. Saunders Street, there is no evidence of his existence. The officers who searched the premises testified that they did not recall finding anything with Mr. Babatundi's name on it in the house. Even the letters the defendant purportedly received are signed merely "Pat" or "Patty." Nowhere on the letters does the name Babatundi appear. Given all the facts and circumstances here, the trial court was correct in its determination that the statements were not sufficiently trustworthy to be admitted and their exclusion was proper.

## II

[3] Defendant's next two assignments of error focus on the mixture of controlled substances found. Defendant asserts that the charge of trafficking in heroin should have been dismissed and the State should have been limited to charging the defendant with felony possession of methaqualone. Defendant argues that since methaqualone made up the majority of the weight of the mixture of controlled substances, the mixture must be denominated methaqualone. Furthermore, defendant asserts he was entitled to the requested instruction on felonious possession of heroin since the total weight of pure heroin found (excluding the other controlled substances in the mixture) was less than four grams. We find no merit in defendant's arguments.

The plain language of the statute provides that possession of "any mixture" weighing four grams or more which contains heroin may be the basis of a charge of trafficking in heroin. G.S. 90-95(h)(4). Defendant argues that when a mixture contains only

controlled substances, as here, the State should be limited to charging the defendant with an offense based on the substance which makes up the majority of the mixture. Defendant asserts that otherwise the State has unbridled discretion in determining under which criminal violation a person is to be charged. We find nothing in the statute at issue here or in the law of North Carolina to support his argument. Therefore, defendant's motion to dismiss was properly denied.

[4] Defendant also argues that the trial court erred in failing to submit to the jury the possible verdict of felonious possession of heroin. Defendant argues that because the weight of the pure heroin contained in the mixture was less than the 4 grams required to prove trafficking in heroin under G.S. 90-95(h)(4), he was entitled to an instruction on the lesser included offense of felonious possession of heroin. Defendant bases his argument on testimony from the SBI agent who analyzed the substances. The agent testified that of the 18.7 grams of powder found in the kitchen only 11% (2.057 grams) was pure heroin, that 14% (.392 grams) of the powder mixture weighing 2.8 grams was heroin, and that 16% (.096 grams) of the powder mixture weighing 0.6 grams was heroin. The total amount of pure heroin found was 2.545 grams. We have held that the "any mixture" language in G.S. 90-95(h)(3) allows for conviction based on the total weight of cocaine mixed with another substance. *State v. Tyndall*, 55 N.C. App. 57, 284 S.E. 2d 575 (1981) (evidence that defendant sold powdery mixture weighing 37.1 grams and containing 5.565 grams of pure cocaine, the remainder of the powder being noncontrolled substances, sufficient to convict defendant of trafficking in cocaine by selling more than 28 grams). There is no basis to define differently the term "any mixture" in G.S. 90-95(h)(3) and the same language in G.S. 90-95(h)(4). Additionally, whether the "mixture" contains a controlled substance and neutral "cutting agents" or is made wholly of controlled substances is of no legal significance under the statute. We hold that defendant was not entitled to any instruction on felony possession of heroin based on the mixture involved here. Such an instruction has no basis in our law and was properly denied.

### III

[5] The defendant also argues he was entitled to an instruction on felony possession of heroin based on the lack of evidence that

he knew of the presence of any of the heroin packages, except the one found in the stereo cabinet. The defendant asserts that only the 0.6 grams of the mixture found in the stereo cabinet was in "plain view." Furthermore, because the remaining 18.7 grams (found in a kitchen cabinet) and 2.8 grams (found in his codefendant's pocketbook) were not in plain view, defendant asserts it is reasonable to conclude that defendant was not aware of their presence. We disagree.

Only when there is evidence of a lesser included offense is the judge required to charge on a lesser offense. *State v. Siler*, 66 N.C. App. 165, 311 S.E. 2d 23, *modified and affirmed*, 310 N.C. 731, 314 S.E. 2d 547 (1984). To prove trafficking in heroin, G.S. 90-95(h)(4) requires proof of possession of heroin or any mixture containing heroin in an amount of four grams or more. The evidence for the State tends to show that the defendant had control over the premises where the three packages of the heroin mixture were found. This evidence is sufficient to support an inference of defendant's constructive possession of the heroin mixtures found. The defendant's testimony was that he knew nothing of any of the controlled substances found in the house. There is no basis on which a jury could find that a lesser offense was committed. At trial the defendant denied knowledge of all of the controlled substances, not just those not in "plain view." Therefore, the trial court did not err in refusing to instruct the jury on a lesser included offense of felonious possession of heroin.

IV

[6] Defendant also asserts that the trial court committed reversible error when it denied defendant's motion to sever his trial from the trial of his codefendant wife. Defendant had agreed to a joint trial on 12 October 1987. Defendants' new counsel made motions to sever, based on defendant's recent marriage to his codefendant and defendant Patrick Agubata's assertion that he would feel "awkward" asserting as his defense that his codefendant wife owned the controlled substances.

A trial court's denial of a motion to sever will not be disturbed on appeal absent an abuse of discretion. *State v. Brower*, 289 N.C. 644, 659, 224 S.E. 2d 551, 562 (1976). Further, G.S. 15A-927(a)(2) provides that when a pre-trial motion to sever is made, failure to renew the motion "before or at the close of all the evidence" affects a waiver of any right to severance. Our Su-

preme Court held in *State v. Silva*, 304 N.C. 122, 282 S.E. 2d 449 (1981), that failure to renew a motion to sever as required by G.S. 15A-927(a)(2) waived any right to severance and that review on appeal was limited to whether the trial court abused its discretion in ordering joinder at the time of the trial court's decision to join. *Id.* at 128, 282 S.E. 2d at 453. Because the defendant made his motion to sever at the first day of trial, he was required to renew his motion at the close of all of the evidence. The defendant failed to renew his motion at the close of all the evidence as required by G.S. 15A-927(a)(2) and therefore waived his right to sever. The question remains then whether joinder of defendants' cases for trial was an abuse of discretion.

[7]    G.S. 15A-926(b)(2) provides that charges against two or more defendants may be joined for trial when each of the defendants is charged with accountability for each offense. In this case both of the defendants were charged with trafficking in heroin based on controlled substances found in the home they shared. We find no abuse of discretion in the trial court's decision to allow joinder. We note the joinder originally was consented to by both defendants through their prior counsel. Further, the joinder was made prior to the defendants' marriage to each other. Although in his brief the defendant Patrick Agubata alludes to a spousal privilege which might preclude his testimony against his wife, on these facts he was not the proper person to attempt to assert the spousal privilege. Defendant's argument is essentially that he would tend to incriminate his wife by offering a defense that would implicate her as the owner of the controlled substances found by the police. Defendant offered no such defense at trial. Furthermore, if he had, his codefendant wife would have been the party prejudiced if anyone was prejudiced. *See State v. McKenzie*, 46 N.C. App. 34, 264 S.E. 2d 391 (1980).

Defendant failed to argue the one remaining assignment of error in his brief. Accordingly, he is deemed to have abandoned it. Rule 28(b), N.C. Rules of App. Proc.

Accordingly, we find defendant's trial was free of reversible error.

No error.

Judges BECTON and GREENE concur.