STATE OF NORTH CAROLINA v. IDELLA KING

No. 8926SC1305

(Filed 3 July 1990)

1. **Narcotics § 4.6 (NCI3d) — two defendants — instruction on constructive possession — no error**

The trial court did not improperly express an opinion by instructing the jury regarding close proximity as it related to defendant but not her twin sister, since there was no conflict with regard to the evidence that both defendant and her sister lived at the residence where the police officer found cocaine and both were present and on the premises at the time the cocaine was discovered; the fact that one was outside the house and one inside the house made no difference; the complained of instruction was followed with an instruction on constructive possession as it applied to both defendants; the sister had testified that she was the one in the bedroom where the cocaine was found and defendant testified that she was outside, so that a close proximity instruction was necessary only for

defendant; and there was incriminating evidence inside a cookie tin containing cocaine which directly linked defendant to ownership of that tin.

**Am Jur 2d, Trial §§ 642, 674, 876-882.**

2. **Narcotics § 4.7 (NCI3d) — trafficking in cocaine — instruction on lesser offense not required**

The trial court in a trafficking case did not err in failing to instruct on the lesser included offense of possession of cocaine since defendant maintained throughout trial that none of the cocaine found in her house was hers; evidence was sufficient to support an inference that defendant was in constructive possession of the entire amount of cocaine found in her house, not just the amount found in a cookie tin; and the cookie tin was located only inches from a paper bag containing a large amount of cocaine.

**Am Jur 2d, Trial §§ 642, 674, 876-882.**

APPEAL by defendant from judgment entered 21 June 1989 by *Judge Robert W. Kirby* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 6 June 1990.

On 21 June 1989, a jury convicted defendant of trafficking in cocaine by possession in violation of N.C. Gen. Stat. § 90-95(h) (1985). Defendant received an active sentence of seven years imprisonment.

From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jane R. Garvey, for the State.*

*Wayne C. Alexander, P.A., by James E. Williams, Jr. and David F. Williams, for defendant-appellant.*

ORR, Judge.

Defendant argues six assignments of error on appeal. For the reasons below, we find no error.

The following facts are pertinent to defendant's appeal. Defendant and her twin sister, Izella King, were indicted on 24 August 1987 for trafficking in cocaine by possession. On 21 October 1987, defendant moved to suppress the evidence obtained pursuant to

the search warrant for the premises where defendant resided. This motion to suppress was granted by Judge W. Terry Sherrill, and the State appealed to this Court. In a unanimous decision filed 15 November 1988, this Court upheld the facial validity of the search warrant and remanded the case to the trial court for findings regarding whether the informant information underlying the warrant was obtained lawfully.

On 9 March 1989, after a second suppression hearing into the informant information in the warrant, Judge Sherrill held that the information had been obtained lawfully and denied defendant's motion to suppress the evidence. Defendant and her sister were tried before a jury on 19 June 1989. Defendant was convicted of trafficking in cocaine on 21 June 1989 and sentenced to seven years imprisonment. The jury was unable to reach a verdict as to Izella King, and the trial court declared a mistrial. Defendant appealed her conviction.

The State's evidence tended to show that on 30 June 1987, defendant's residence was searched pursuant to a valid search warrant. Defendant lived at 1509 Luther Street with her sister, Izella, and possibly Bo King, who was named in the search warrant as allegedly selling cocaine from the residence.

Officer Tom Hazelton of the Charlotte Police Department testified that when he and the other officers arrived to search the residence, he observed a person, later identified as Izella King, getting into a car parked in front of the residence. When he entered the residence, he observed defendant walking out of a bedroom. He asked defendant her name and she identified herself as Idella King. Officer Hazelton later testified that but for defendant's self-identification, he would not have been able to tell the difference between defendant and her twin sister.

Both defendant and her sister were secured in the living room of the residence, and Officer Hazelton searched the bedroom from which he observed defendant leaving. He found a brown paper bag on a dressing table containing what was later identified as cocaine. The brown bag contained several smaller bags of cocaine in different amounts. Officer Hazelton also found a cookie tin next to the brown paper bag. The cookie tin contained 14 bags of cocaine, $271.00 and pay receipts for defendant Idella King. A total of 87.91 grams of cocaine was found in the brown bag and cookie tin. Officer

Hazelton also found a briefcase containing $36,871.00 between the bed and the wall in the same bedroom.

Defendant and Izella King testified at trial in their own defense. Both maintained that it was defendant that Officer Hazelton observed outside the house and Izella who was walking out of the bedroom. Throughout the booking process, however, defendant identified herself as the one who was walking out of the bedroom.

Izella King also testified that her brother, Bo King, visited the residence on 30 June 1987 and used the telephone in the bedroom where the cocaine was found just before the police arrived with the search warrant. She further testified that she thought her brother had a brown paper bag with him at the time.

Both defendant and her sister testified that the approximately $36,000.00 in cash found in the same bedroom was their property. They asserted that they accumulated this cash over an eight-year period of time prior to 1984 from approximately $300.00 per month social security death benefits from their deceased father's account, a janitorial job and money received from recycling cardboard by their mother. Defendant also testified that an additional $38,000.00 found at her mother's house during a search a month later was part of this "inheritance."

I.

[1] Defendant first argues that the trial court improperly intimated an opinion by instructing the jury regarding close proximity as it related to defendant but not Izella King. Defendant asserts that because the trial court used one co-defendant's name in instructing on close proximity without using the other's name, it was an impermissible expression of opinion concerning disputed evidence.

The trial court instructed concerning close proximity as follows:

A persons [sic] awareness of the presence of cocaine, and her power and intent to control its disposition or use, may be shown by direct evidence or may be inferred from the circumstances.

If you find beyond a reasonable doubt that the cocaine was found in close proximity to the defendant Idella King, that would be a circumstance from which, together with other circumstances, you may infer that the defendant was aware of the presence of that substance and had the power and intent

to control its disposition or use. However, the defendants [sic] physical proximity, if any, to the cocaine does not by itself permit an inference that the defendant was aware of its presence or had the power and intent to control its disposition or use. Such an inference may be drawn from this and other circumstances which you find from the evidence beyond a reasonable doubt.

Defendant did not object to this instruction when it was given or at any other stage of the proceedings. Failure to object is fatal to the argument unless defendant can establish that the instructions affect a substantial right and should be considered under the "plain error" rule. *State v. Odom*, 307 N.C. 655, 660-61, 300 S.E.2d 375, 378 (1983) (citations omitted). In determining whether a defect in jury instructions constitutes "plain error," this Court must review the entire record and decide if the alleged error had a probable impact on the jury's guilty verdict. *Id.* at 661, 300 S.E.2d at 378-79 (citation omitted).

It is uncontested that the State's evidence and defendant's evidence are in direct conflict regarding whether it was defendant or her sister, Izella, coming out of the bedroom where Officer Hazelton found the cocaine. However, there is no conflict that both defendant and Izella lived at the residence where Officer Hazelton found the cocaine and both were present and on the premises at the time the cocaine was discovered. The fact that one of them was outside the house and one inside the house makes no difference in the case before us.

In *State v. Leonard*, 87 N.C. App. 448, 455, 361 S.E.2d 397, 401 (1987), *disc. review denied and appeal dismissed*, 321 N.C. 746, 366 S.E.2d 867 (1988), this Court relied on *State ,v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972), in defining constructive possession as it relates to illegal narcotics.

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. Also, the State may overcome a motion to dismiss or motion for judgment

as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' (Citations omitted.)

*See State v. Williams,* 307 N.C. 452, 298 S.E.2d 372 (1983) (sufficient evidence of constructive possession exists when bills addressed to defendant were found in a dwelling next to an outbuilding containing heroin, and the mailbox in front of the dwelling bore defendant's name); *State v. Allen,* 279 N.C. 406, 183 S.E.2d 680 (1971) (constructive possession is a jury issue when heroin was found in defendant's residence, even though defendant was not on the premises during the search); and *State v. James,* 81 N.C. App. 91, 344 S.E.2d 77 (1986) (constructive possession conviction for possession and intent to sell heroin upheld where defendant admitted staying occasionally at his sister's house and standing on the porch where heroin was found).

In *State v. James,* 81 N.C. App. 91, 344 S.E.2d 77 (1986), *citing, State v. Baize,* 71 N.C. App. 521, 323 S.E.2d 36 (1984), *disc. review denied,* 313 N.C. 174, 326 S.E.2d 34 (1985), this Court stated:

[C]onstructive possession depends on the totality of circumstances in each case. No single factor controls, . . . . [W]e identified three typical situations regarding the premises where drugs were found: (1) some exclusive possessory interest in the defendant and evidence of defendant's presence there; (2) sole or joint physical custody of the premises of which defendant is not an owner; and (3) in an area frequented by defendant, usually near defendant's property.

81 N.C. App. at 93, 344 S.E.2d at 79.

We have reviewed the entire record in the case *sub judice* and find that the alleged instruction error did not have a probable impact on the jury's finding of guilt. The trial court continued with the following instructions on constructive possession:

If you find beyond a reasonable doubt that . . . defendants exercised control over those premises . . . this could be a circumstance from which you may infer that the defendants were aware of the presence of cocaine and had the power and intent to control its disposition or use.

First, the instruction may be interpreted as a direct acknowledgement of the testimony of both defendants. Izella testified that she was the one who had been in the bedroom where cocaine was found, and defendant testified that she was outside. Therefore, a close proximity instruction was necessary only for defendant.

Second, even if a close proximity instruction was necessary for both defendants, it was not reversible error for the trial court to exclude Izella's name in its instruction to the jury. Under the above principles of law, either or both of the defendants could have been found guilty of the charges. Both defendants resided at the address searched, both had physical custody of the premises searched and both were in close juxtaposition to the cocaine. It makes no difference in this case that one defendant was outside the house and one was inside. Moreover, there was incriminating evidence inside the cookie tin containing cocaine which directly linked defendant to ownership of that tin.

Defendant is unable to show under the "plain error" rule that but for the alleged erroneous instruction, she probably would not have been convicted. Therefore, we hold that the trial court did not commit reversible error in this jury instruction.

II.

[2] Defendant next argues that the trial court erred in refusing to instruct the jury on possession of cocaine. At the jury instruction conference, defendant requested the trial court to instruct on the lesser included offense of simple possession of cocaine because the cookie tin containing items identifying defendant as its owner contained less than 28 grams of cocaine required under N.C. Gen. Stat. § 90-95(h)(3) for a trafficking conviction. The trial court denied defendant's request on the basis that defendant maintained throughout the trial that none of the cocaine was hers. We find that the trial court did not err.

In State v. Agubata, 92 N.C. App. 651, 375 S.E.2d 702 (1989), this Court held that a defendant was not entitled to an instruction on the lesser included offense of possession of heroin under similar circumstances. The defendant in Agubata disclaimed any knowledge of the presence of heroin in his house, as defendant disclaimed any knowledge of the presence of cocaine in her house in the case before us.

BARCLAYSAMERICAN/LEASING, INC. v. N.C. INS. GUARANTY ASSN.

[99 N.C. App. 290 (1990)]

Citing *State v. Siler*, 66 N.C. App. 165, 311 S.E.2d 23, *modified and affirmed*, 310 N.C. 731, 314 S.E.2d 547 (1984), the *Agubata* Court stated that "[o]nly when there is evidence of a lesser included offense is the judge required to charge on a lesser offense." 92 N.C. App. at 660, 375 S.E.2d at 707. Under § 90-95(h)(3), trafficking in cocaine requires proof of possession of cocaine in the amount of 28 grams or more. There is nothing in the statute which requires the 28 grams to be in one container.

Moreover, there is sufficient evidence stated in section I above to support an inference that defendant was in constructive possession of the entire amount of cocaine found in her house, not just the amount discovered in the cookie tin. We note that the cookie tin (which defendant denied owning throughout the trial) was located only inches from the paper bag containing the larger amount of cocaine. Therefore, we find that the trial court did not commit reversible error in not instructing on the lesser included offense of possession of cocaine.

Defendant assigns four additional errors. We have considered these assignments of error and find them to be without merit. For the above reasons, we find no error.

No error.

Judges COZORT and DUNCAN concur.